UNITED STATES FIDELITY & GUARANTY CO. v. BLETCHER.

No. 4109.   Decided July 25, 1924.   (228 Pac. 188.)

1.   EXECUTORS AND ADMINISTRATORS—ACTION FOR PREFERENCE OVER OTHER CREDITORS OF ESTATE, HELD NOT MAINTAINABLE.   Under Comp. Laws 1917, § 7659, declaring effect of judgment against executor or administrator, and section 7667, providing for the order of payment of debts of a deceased person, where a creditor of deceased person filed a claim which was allowed, rejection of an amendment to the original claim asking for preference created no right of action, and action for a judgment of priority over other creditors cannot be maintained.

2.   EXECUTORS AND ADMINISTRATORS—CREDITOR OF DECEASED MUST ASSERT CLAIM TO PREFERENCE IN PROBATE PROCEEDINGS.   Under Comp. Laws 1917, § 7667, providing for the order in which claims against a deceased person shall be paid, a creditor cannot have his claim to priority determined in a separate and independent action against administrator, but must have it determined in probate proceedings, after notice to other claimants.

See 24 C. J. § 1239 (1926 Anno).

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

Action by the United States Fidelity & Guaranty Company against F. N. Bletcher, administrator of the estate of Robert G. Agee, deceased. From judgment for defendant, plaintiff appeals. .

AFFIRMED.

*Booth, Lee, Badger & Rich,* and *J. R. Thomas,* all of Salt Lake City, for appellant.

*C. R. Hollingsworth,* of Ogden, for respondent.

FRICK, J.

The United States Fidelity & Guaranty Company, a corporation, hereinafter called plaintiff, commenced this action in the district court of Weber county, Utah, against F. N. Bletcher, as administrator of the estate of Robert G. Agee, deceased, hereinafter called defendant. The plaintiff, in its amended complaint, after stating the necessary jurisdiction, facts, and matters of inducement, as a first cause of action, in substance, alleged that on the 20th day of December, 1922, the plaintiff filed its claim against the estate of said deceased in the sum of $10,493.55, "which said claim of plaintiff was regularly allowed as a valid and just debt of the said estate on the 14th day of February, 1923." The plaintiff then further alleged "that * * * on the 16th day of March, 1923, plaintiff served on defendant an amendment of its said claim theretofore allowed, said amendment alleging that plaintiff's claim was entitled to a preference and priority in payment over the claims of other creditors" of said deceased. It is then alleged "that the said amendment was disallowed and rejected * * * on the 21st day of March, 1923." The plaintiff then, with much particularity, alleges the business relationship of the plaintiff and deceased, and the capacity

in which the latter received the money aforesaid, and that said money was collected and held by the deceased as agent of plaintiff and for its use and benefit, and that the same "is wrongfully withheld by defendant as against this plaintiff." As a second cause of action, the plaintiff sets forth the contract under which said deceased was employed and under which he obtained the possession of said money, and plaintiff alleges that said money "at all times belonged to the plaintiff." The plaintiff asked that it be awarded judgment for said sum of money, with legal interest, and that the defendant be required to pay the same to the plaintiff "in preference to the general creditors of the estate of Robert G. Agee, deceased."

The defendant appeared and filed both general and special demurrers to both causes of action stated in the amended complaint. The special demurrers are of no consequence, and will receive no further attention. The district court sustained the general demurrers to both causes of action set forth in the amended complaint, and, the plaintiff electing to stand upon its amended complaint, entered judgment dismissing the action.

The plaintiff appeals from the judgment, and assigns the ruling of the court upon the demurrers as error.

Whether or not the district court erred in sustaining defendant's demurrers must depend upon whether the ruling materially affects or deprives the plaintiff of a substantial legal right. If the plaintiff could obtain no legal benefit or advantage from a judgment entered in its favor upon its amended complaint, then it necessarily follows that in sustaining the demurrers it suffered no injury, and hence cannot complain.

It will be observed that, according to plaintiff's own allegations in its amended complaint, its claim against the estate of the deceased was allowed in full "as a valid and just debt of the said estate." The legal effect of the judgment and of the allowance of a claim in a probate proceeding is clearly stated in Comp. Laws Utah 1917, § 7659. That section provides:

"A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge; and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. * * * No execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment."

The statute thus, in specific terms, determines the legal effect of a judgment against an estate, and it further determines that the allowance of a claim is in legal effect precisely the same as a judgment; namely, that in either case the only fact that is established is the amount of the claim and that it must be paid in due course of administration. And, in order to prevent all complications, the statute further provides that no execution can be issued upon the judgment, that it creates no lien upon any property, and that the judgment does not give a preference to any creditor. There is, however, still another section of the statute which must be considered, namely, section 7667, which provides the order in which claims must be paid. That section provides that the debts of the estate, other than funeral expenses, must be paid in the following order: (1) Wages; (2) debts having preference by law; (3) debts which are liens upon the homestead; (4) all other debts which were liens on the property of the decedent at death; (5) all other demands against the estate. It is manifest, therefore, that if the plaintiff is entitled to a preference, he must seek and obtain it in the probate proceeding, and not in a separate action against the administrator. In what way could a court aid the plaintiff in obtaining its alleged preferential right in the present action? Any order or judgment the court might make respecting the plaintiff's alleged preferential right would be stillborn and entirely useless. The statute having determined the legal effect of a judgment against an estate, the court is powerless to enlarge or reduce that effect. The filing by plaintiff of its amendment to its original claim was a mere idle ceremony, without any legal significance or effect. The rejection of that amendment, therefore, effectuated nothing.

It neither helped nor harmed anyone. In view of that, the rejection of the amended claim created no right of action, and hence the plaintiff could suffer no legal injury by having its action dismissed.

Nor is it affected in its rights to any extent. The statute clearly determines the order in which the claims that are allowed must be paid. The statute having classified the claims, the court can do no more than determine the class to which a particular claim belongs, and when that is determined, the order of payment follows as a matter of law. ·The plaintiff must therefore assert its alleged preference in the probate proceeding and give all the other claimants an opportunity to be heard, respecting plaintiff's claim. It cannot rush into court and have that question determined in a separate and independent action against the administrator. After notice to the several claimants that the plaintiff claims a preference and will ask the court to have its claim placed into the preferred class, the court will be' given opportunity to fix a date on which all parties may be heard with respect to the matter. Upon such a hearing, the court may either allow or disallow, either in whole or in part, plaintiff's alleged preferential right, and thereafter any interested party may appeal to this court, as in other cases.

From what has been said, it follows that the court's ruling upon the general demurrers was clearly right, and the judgment dismissing the action should be, and it accordingly is, affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.