## Schuerman et al. v. State Board of Education et al.

May 10, 1940.

William B. Ardery, Judge.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellants instituted this action under the provisions of the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., for the purpose of having determined whether annual membership dues of $25 in the Kentucky School Boards Association may be paid by the Boards of Education of Fayette County and the City of Greenville out of public school funds. The Circuit Court overruled a special demurrer but sustained a general demurrer to the petition and dismissed it. This appeal followed.

The membership of the Association is composed primarily of the School Boards throughout the State,

and its objects and purposes may be gathered from the following excerpts from its Constitution:

"The objects and purposes of the Association shall be to:

"1. Help board members become better informed and to increase their interest and enthusias in the opportunity which board membership gives them for constructive community service.

"2. Find ways to increase the good will of the public toward the schools and especially to stimulate a willingness on the part of the best elements of the community to serve as board members when the need arises.

"3. Cooperate with the Kentucky Education Association, the parent Teacher Association, and other educational and civic groups in working for the success of educational projects in Kentucky.

"4. Arrange regional meetings for the discussion of educational problems and the exchange. of ideas.

"5. Work for educational legislation that will promote the best educational interests of the children of Kentucky.

"6. Provide for comprehensive investigation, careful planning, good organization and united effor with respect to the problems of school boards.

"7. Promote in other ways the educational interests of the state."

It was alleged in the petition that at the time the Fayette County and City of Greenville Boards of Education agreed to pay the dues referred to each had sufcient income to make the payment without exceeding its income for the current fiscal year; that the Boards had authorized the payment of the membership dues, "for the reason that said dues and Association will be used for the purpose of promoting public education", but that the State Board of Education and the Superintendent of Public Instruction, on the advice of the Attorney General, had refused to approve the payments on the ground that they would violate the Constitution and Statutes of this State. The petition concluded with the allegation:

"This action involves the construction of Sections 4370-2 of the Kentucky Statutes; Sections 4399-20 and 4399-40 of the Kentucky Statutes; and 184 of the Constitution of the Commonwealth of Kentucky, it being the contention of the plaintiffs that under the above sections of the Statutes that the defendants have the right to pay the said dues, while it is the contention of the defendants that under the above sections of the Statutes and Section of the Constitution that the defendants do not have the right to pay said dues out of money collected for school purposes either out of taxes received by the State, or by the Counties or Cities or School Districts."

In his brief addressed to this Court, the Attorney General contends that the contemplated expenditures are for the benefit of a private organization created for the use of the individual members of the Boards of Education throughout the State, and, if made, would violate Section 184 of the Constitution, which prohibits the appropriation of public school funds for other than common school purposes. In support of his contention he cites the decisions of this Court in the cases of City of Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625, 18 Ky. Law Rep. 124; Wilson v. Board of Education of City of Russellville, 226 Ky. 476, 11 S. W. (2d) 143, holding that school funds could not be used or pledged for the purpose of defraying the cost of street improvements. Appellants' counsel rely upon the provisions of Section 4399-20, Kentucky Statutes vesting each Board of Education with the control and management of school funds and property in its district, and conferring upon it "the right to use such funds and property to promote public education in such ways as it may deem necessary and proper"; and upon our decisions interpreting the statutory provisions referred to in the light of the restrictions imposed by Section 184 of the Constitution. They also direct attention to Sections 4399-32 and 4399-40 of the Statutes, the first of which provides that Board members shall receive no salaries but shall be paid their necessary expenses not exceeding $100 per annum, and the second of which authorizes the Board to prepare budgets "showing the amount of money needed for current expenses, debt service, capital outlay, and other necessary expenses of the schools during the succeeding fiscal

year". Among the authorities referred to is the case of Board of Education of Bowling Green v. Simmons, 245 Ky. 493, 53 S. W. (2d) 940, 941, in which we held that the School Board had the power to create the position of school nurse and teacher of health and physical education and to pay her a salary out of the school funds, if in the Board's sound discretion it was for the interest of the schools so to do. Section 4399-1 et seq., Kentucky Statutes, is part of the School Code which became a law June 14, 1934, and repealed previously existing statutes on the subject. Among the latter were Sections 3474 and 3478, which were in effect at the time the decision referred to was rendered. Section 3474 conferred upon city boards of education exclusive control of the school funds of the city and provided that they should have the power to expend such funds in the interest of the public schools in the city. Section 3478 vested in the Board authority to maintain a school library, purchase text books for indigent children, and otherwise expend such monies in the interest of the public schools. The provisions of these repealed sections of the Statutes were to all intents and purposes similar to those contained in Section 4399-20, and in construing them this Court said:

"The quoted clauses of Sections 3474 and 3478 grant plenary power to the board of education to appropriate the school funds of the city for whatsoever purpose that may be deemed by it, in its sound discretion, to be for the interest of the public schools. The power so conferred upon it is abridged by Section 3464, Kentucky Statutes, to the extent that it declares the school funds shall be 'dedicated to the use of public schools.' In its intendment, Section 3474 is identical with the limitation imposed by Section 184 of the Constitution. Both the statutory grant of power and this limitation upon its power govern the board when it determines and object or purpose for which an appropriation is made by it, and such appropriation, where it is made for an object or purpose not named in the Statutes, must be for one which is, both in fact and in law, for the interest of the schools of the city. It may be, however, for an actual necessity or indispensable purpose, or it may be for one which is an ameliorative aid, but not indispensable, to the interest

of the public schools. An example of the latter is a cafeteria (Goodman v. School District No. 1, City and County of Denver [8 Cir.] 32 F. (2d) 586, 63 A. L. R. 92), or a gymnasium (McNair v. School District, 87 Mont. 423, 228 P. 188, 69 A. L. R. 866).''

See also Scott County Board of Education v. McMillen, 270 Ky. 483, 109 S. W. (2d) 1201.

It is unnecessary to discuss the authorities cited by appellant bearing upon the powers in general conferred by the legislature upon boards of education, as it is apparent that the power conferred by Section 4399-20, Kentucky Statutes, is sufficiently broad to authorize the expenditures, the propriety of which is the subject of this litigation. However, the powers conferred by the Statute are necessarily limited by the express inhibitions imposed by the Constitution, with the result that the discretion vested in boards of education to expend school monies is subject to the restriction that such expenditures must be for purposes of common school education. In ascertaining what is and is not a proper expenditure under this restriction, we know of no better test to be applied than that outlined in the quoted excerpt from our opinion in the Simmons case, namely: Is the contemplated expenditure for the interest of the schools comprising the district making the expenditure? Thus, stated in its broadest terms, the question presented for our determination on this appeal is, whether the maintenance of the Kentucky School Boards Association for the purposes set forth in the petition is beneficial to public education in Kentucky. This question, it seems to us, must be answered in the affirmative unless we are to shut our eyes to the advantages of modern educational methods, and if so answered, it necessarily follows that the maintenance of the Association is beneficial to the schools of each district, particularly to the schools of those districts whose boards of education avail themselves of the opportunities offered by membership.

To be compelled to denominate as ''membership dues'' the contributions necessary for the support of an institution of this kind is, perhaps, unfortunate, as this term usually denotes monies expended for individual, rather than public purposes. But, by whatever name they may be designated, expenditures of reasonable

amounts for the attainment of the objects set forth in the constitution of this organization are expenditures in the interest of the public schools, and hence not in contravention of the Constitution of the State.

In reaching this decision we are not unmindful of the responsibility resting upon us to maintain inviolate the constitutional safeguards surrounding the expenditure of school funds. It is based upon the allegations of the petition as to the purposes and objects of the Association and those purposes and objects as disclosed by the copy of the Constitution filed with the petition. The appellees may, of course, controvert these allegations, and, if they do so successfully, they would be entitled to a judgment denying the relief sought by the appellants. In any event, the demurrer to the petition should be overruled.

Judgment reversed.

Whole Court sitting except Judge **Perry.**

Judge Thomas dissenting.