Dear Representative Baker:
This opinion is in response to your request for an opinion which reads as follows:
 "1. Is there statutory authority for public junior colleges in the state of Missouri to belong to the Missouri Association of Community Junior Colleges? Can junior college funds be used to support this organization through membership dues and other fees?
 "2. Is there statutory authority for school districts in the state of Missouri to belong to the Missouri Athletic Association? Can district funds be used to support this association through membership dues and other fees?"
Although no Missouri appellate cases which directly address your first question can be found, other states have addressed similar questions.
In Schuerman v. State Board of Education, 284 Ky. 556,145 S.W.2d 42, 43 (1940), a Kentucky Court of Appeals held that a school district could pay dues to the Kentucky School Boards Association, which had the purpose, inter alia, to ". . . Work for educational legislation that will promote the best educational interests of the children of Kentucky." This case is particularly instructive for purposes of this opinion because Kentucky has a constitutional provision similar to Article IX, Section 5 of the Missouri Constitution which provides:
 ". . . [I]ncome of which [the public school fund] shall be faithfully appropriated for establishing and maintaining free public schools, and for no other uses or purposes whatsoever." Art. IX, Sec. 5, Mo. Const.
the authority for cooperation in Missouri is even stronger. Section 70.210, RSMo 1969, defines "political subdivision" to include school districts. Section 178.770.2, RSMo 1969, provides:
 "When a [junior college] district is organized, it shall be . . . a subdivision of the state of Missouri . . . and possess the same corporate powers as common and six-director school districts in this state, . . . except as herein otherwise provided." (emphasis added)
Thus, Section 70.220, RSMo 1969, applies to school and junior college districts.
 "Any municipality or political subdivision of this state, . . . may contract and cooperate with any other municipality or political subdivision, . . . for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision.. . ." (emphasis added).
Although your request does not indicate the purposes of the Missouri Association of Community Junior Colleges (MACJC), our research has determined that the MACJC intends to ". . . enhance the educational programs of junior and community colleges, . . ." MACJC Constitution, Art. III, Section 1.
The formation of a voluntary association for the enhancement of the educational programs of junior colleges within the State of Missouri is an appropriate method of cooperation between junior colleges and junior college districts. The MACJC provides a common service for its members within the scope of the powers of junior college districts. Therefore, it is our opinion, that junior colleges and junior college districts in the State of Missouri may belong to the Missouri Association of Community Junior Colleges and may contribute funds to support the association through membership dues and other fees.
You indicated orally that your second question should be clarified to read:
 "Is there statutory authority for school districts in the state of Missouri to belong to the Missouri State High School Activities Association? Can district funds be used to support this association through membership dues and other fees?"
The Missouri State High School Activities Association (MSHSAA) states its purpose as follows:
 "The Missouri State High School Activities Association is a voluntary, nonprofit, educational association of junior and senior high schools established for the purpose of working cooperatively in adopting standards for supervising and regulating those interscholastic activities and contests that may be delegated by the member schools to the jurisdiction of the Association." Constitution of the Missouri State High School Activities Association, Article II, Section 2.
In view of this purpose, and the foregoing discussion of applicable law, it is our opinion that voluntary membership in the MSHSAA is an appropriate means of cooperation between school districts in Missouri, that membership therein is within the scope of the powers of school districts, and that school districts may expend district funds to support this association through membership dues and other fees.
We enclose Opinion No. 186, rendered July 1, 1969, to Senator John J. Johnson and Opinion No. 167, rendered July 10, 1969, to Representative Robert H. Branom, which are in accord with the holding in this opinion.
CONCLUSION
It is, therefore, our opinion that public junior colleges in Missouri may belong to the Missouri Association of Community Junior Colleges and expend junior college district funds to support that organization through membership dues and other fees. It is further our opinion that school districts in Missouri may belong to the Missouri State High School Activities Association and expend district funds to support that association through membership dues and other fees.
This opinion, which I hereby approve, was prepared by my assistant, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 186, 7-1-69, Johnson Op. No. 167, 7-10-69, Branom