CASE 37—PETITION EQUITY MAY 2.

| 99 | 213 |
|----|-----|
| 115 | 367 |
| 99 | 213 |
| 117 | 784 |
| 99 | 213 |
| 123 | 773 |

# City of Louisville v. Leatherman, et al.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. TAXATION OF SCHOOL PROPERTY FOR STREET IMPROVEMENTS.—
   The property of a school board held by it for the use of the State, to carry on the system of common schools established under the Constitution, is not subject to execution or levy, or to decretal sale to satisfy a lien for street improvement.
2. SCHOOL FUND—TAXATION.—The appropriation of any part of a school fund or of the taxes which have been devoted to the purposes of the common school system, to the payment either of general taxation for the support of the State government, or of special assessments to pay the cost of street improvements, would

be an appropriation thereof to another purpose than that of the
school system, which is forbidden by section 184 of the Constitu-
tion.

3. LIABILITY OF CITY.—The city having the authority to contract for
the work, but no authority to make it a charge upon the abutting
property, is liable to the contractor for the cost of the work.

H. S. BARKER FOR APPELLANT.

(No brief in the record.)

JOHN M. RAMSEY FOR LEATHERMAN AND SELVAGE.

1. The city had the authority to contract for the work, and, although
it may have had no authority to make it a charge upon the abut-
ting property, it is liable to the contractors for the price of the
work. (City of Louisville v. Nevin, 10 Bush, 550; Craycroft v.
Selvage, 10 Bush, 698.)

RANDOLPH H. BLAIN FOR LOUISVILLE SCHOOL BOARD.

1. The State has established and undertaken to carry on a system of
common schools; and the Louisville School Board is an arm of
the State government, for that purpose, and its property is not
subject to taxation for street improvements. (Ky. Stats., sec.
2833-4; Const., sec. 183-4; Ky. Stats., sec. 4363-77-84-99, 4427,
34-37-57; Allen v. Russell, 78 Ky., 116; Auditor v. Hollans, 14 Bush,
147; Kentucky Stats., 4427-39, Board v. Auditor, 80 Ky., 341;
Whipple v. School Board, 7 R., 366; Trustees v. Flemingsburg,
17 R., 445; City v. Commonwealth, 1 Duv., 296; Directors v.
School Directors, 42 Pa. St., 25; Trustees v. City of Trenton, 30
N. J. Eq., 668; City of Toledo v. Board of Education, 48 Ohio, 83;
City of Hartford v. West Mid. District, 45 Con. 462; Inhab. of
Worcester v. Worcester, 116 Mass., 193; Leonard v. City of
Brooklyn, 75 N. Y., 498; Gooch v. Gregory, 55 N. C., 143; Dillon
on Mun. Corp., 2d vol., 566-7, 777; Foster v. Fowler, 60 Pa. St., 32.)

2. The appropriation of school funds to any other than school pur-
poses is unconstitutional. (Ky. Const., sec. 184; Collins v. Hen-
derson, 11 Bush, 88; Auditor v. Holland, 14 Bush, 151.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This record brings up for decision the question whether
public school property, belonging to the Louisville School

Board, can be subjected to the payment of an assessment for the original construction of a street.

Sections 2833-4, Kentucky Statutes, provide that the original construction of a street shall be at the cost of the owners of lots in each fourth of a square, and that a lien therefor shall exist on the land which may be enforced by proceedings in court. The remedy, therefore, if any, is by a judgment for the enforcement of the lien and the sale of the property, and the question is whether the property of the school board held by it for the use of the State to carry on the system of common schools established under the Constitution is subject to execution levy or to decretal sale to satisfy a lien for street improvements.

In our opinion it can not be subjected. The Constitution provides for a common school system and for the creation of a fund to maintain it, which shall be appropriated "to no other purposes." Sections 183-4.)

The statutes enacted in pursuance of these provisions of the Constitution provide for a board of education, a superintendent of public instruction, county superintendents and school trustees as agencies of the State to carry out the constitutional requirements. (Kentucky Statutes, section 4337, *et seq.*)

Both in the counties and the municipalities, the school trustees hold the school property in trust for the State for the use of the public schools. (Section 4437, *et seq.*, and 2949, *et seq.*)

The beneficial use of the property is the State's. The salaries of the teachers, being paid them for public purposes, are not subject to garnishment. (Allen v. Russell, 78 Ky., 105.)

The powers of the school board to sue and be sued, etc.,

are limited to doing so *"for school purposes."* (Section 2949.)

Being State property there is no need of an exception in the law to exempt the property held in trust by the school board from subjection to a lien for taxes or assessments. (City v. Commonwealth, 1 Duvall, 296; 17 Ky. Law Rep., 445.)

Moreover, it would seem that the appropriation of any part of the fund or the taxes which have been devoted to the purposes of the common school system to the payment either of general taxation for the support of the State government or of special assessments to pay the cost of street improvements would be an appropriation thereof to another purpose than that of the school system, and, therefore, forbidden by section 184, of the Constitution. (Collins v. Henderson, 11 Bush, 88; Auditor v. Holland, 14 Bush, 151.)

As the city had authority to contract for the work, but no authority to make it a charge upon the abutting property which belonged to the school board, it was liable to the contractor for the cost of the work, and the chancellor correctly so held. (City v. Nevin, 10 Bush, 550; Craycroft v. Selvage, 10 Bush, 698.)

Judgment affirmed.