234        KENTUCKY REPORTS.        [Vol. 113

Board of Education of Covington v. Board of Trustees of Public Library of Said City.

CASE 34—AGREED CASE BETWEEN THE BOARD OF EDUCATION OF THE CITY OF COVINGTON AND THE BOARD OF TRUSTEES OF THE PUBLIC LIBRARY OF SAID CITY TO TEST THE VALIDITY OF CERTAIN ACTS OF THE LEGISLATURE.—MAY 2.

# Board of Education of Covington v. Board of Trustees of Public Library of said City.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR TRUSTEES OF PUBLIC LIBRARY AND BOARD OF EDUCATION APPEALS. REVERSED.

TAXATION—CONSTITUTIONALITY OF STATUTE—APPROPRIATION TO OTHER PURPOSES OF TAX LEVIED FOR SCHOOLS—PUBLIC LIBRARY NOT PART OF SCHOOL SYSTEM.

Held: 1. Under Const. section 180, providing that every act of the General Assembly and every ordinance levying a tax "shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose," a tax annually levied and collected by the general council of a city of the second class under Kentucky Statutes, section 3219 (part of an act for the government of cities of that class), by request of the board of education, upon a report made by it as to the needs of the public schools, and which tax, it is provided by the statute, shall not exceed a certain per cent. of the assessed valuation, and shall "be used for the benefit of the common schools and for the purpose of paying off the indebtedness of said board," is a tax levied and collected for school purposes; and the Legislature had no power, even by the statute imposing the tax, to provide that a part of it should be devoted to another purpose.

2. A tax levied and collected by the common council of a city for school purposes can not be appropriated by act of the Legislature to maintain a public library which is open to the pupils of the common schools only as a part of the general public, and which is not under the control of the board of education or of the common schools.

W. A. BYRNE, FOR APPELLANT.

This is an agreed case between the parties hereto, to test the validity of two acts of the General Assembly of Kentucky,

Board of Education of Covington v. Board of Trustees of Public Library of Said City.

one amendatory of the other, one passed March 19, 1894 and the amending act passed March 15, 1898. The first act from the Kentucky Statutes of 1894 is section 3219, of the said Kentucky Statutes. and the amendatory act is from the Kentucky Statutes of 1899.

Appellant claims that appellees, trustees of the public library, can not have either the one per centum or the three per centum provided to be paid to the public library in section 3210 of the Kentucky Statutes, or any part of the taxes levied for the schools because:

1. Said money is part of the common school fund, so made by the Constitution and the statutes, and the use of it for any purpose other than the common schools, is prohibited by the Constitution and statutes.

2. The public library is not of the common school system and any aid to it would not be in aid of the common school system.

3. If it should be held that the portion of taxes in question are no part of the common school fund contemplated by the Constitution and laws of the States, then the acts in question appropriating the tax are unconstitutional, because they divert a tax raised for one purpose to a purpose other than that for which it was raised.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 3210, 3219, 3212, 3216, 3227, 4364, 4370, 4371, 4372; Constitution of Ky., secs. 184, 188, 180; Underwood v. Wood, 93 Ky., 179; Higgins v. Prater; Hill v. Hamilton, 91 Ky., 6; Collins v. Henderson, 11 Bush, 74; Halbert v. Sparks, 9 Bush, 259; Auditor v. Holland, 14 Bush, 147; Williamstown Graded School Dist. v. Webb, 89 Ky., 265.

H. C. THEISSEN, FOR APPELLEE.

The constitutionality of the act, now being considered, depends solely upon the question whether a library is so far connected with public education as to justify an expenditure of part of the school fund in aid of maintaining it. If a library has no connection at all with education, then the act appropriating three per cent. of the proceeds of the school levy is unconstitutional for the same reason that an act would.be unconstitutional which should attempt to appropriate the three per cent. of the school fund in aid of street repairing. Such an act would be unconstitutional because forbidden by section 180 of the Constitution.

1. Our contention is that if in the opinion of the Kentucky

Legislature, the library does promote the object and purposes of the school system, then the Legislature has the undoubted right to order the appropriation of a part of the school fund towards the support of the library.

2. We think we have shown that the library is so necessary to obtain the intended result of the public educational system, that it was not only the right but the sacred duty of the Legislature to secure for the schools this important and necessary element.

3. We claim that the school funds raised by local taxation are absolutely under the control of the Legislature, and are not provided for in the Constitution at all.

4. The provision of section 184 of the Constitution forbidding any "sum to be raised or collected for education other than in common schools, until the question of taxation is submitted to the legal voters," refers to State educational institutions, such as the agricultural and mechanical college.

5. And we conclude that an enlightened view of the scope and object of the educational system of Kentucky, requires that the act in question should be upheld as constitutional.

### AUTHORITIES.

Constitution, secs. 180, 184 to 188; Kentucky Statutes, secs. 4520, 3210, 4372, 4019; Acts of 1898, page 157; Charter of Cities of the 2d Class, Art. XI.; Dillon on Mun. Corp., sec. 230; Cyclopedia of Ed., Kiddle & Schem, Art. Libraries; Johnson's Universal Cyclopedia, Art Libraries; Report U. S. of Education for 1895 and 1896; Journal Ed., vol. 49; Library Journals, Passini; Collins v. Henderson, XI., Bush, 74; School Dist Kansas City v. Stocking, 40 S. W. R., 656; Trus. Morganfield Schools v. Thomas, 12 R., 832; Fitzpatrick v. Board Trustees, 87 K., 138; Newman v. Thompson, 9 R., 199; Higgins v. Prather, 91 Ky., 6; Com. Schools Cin. An. Rep. and Hand Book, 1874-1875, page 30.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

This is an agreed case to test the validity of two acts of the Legislature with reference to public libraries in cities of the second class. In the act of March 19, 1894, for the government of cities of the second class, article 10, section 15 (Kentucky Statutes, 1894, section 3210), pro-

vides: "Section 15. That as soon as a! sufficient fund for that purpose shall be accumulated under the provisions of this act, augmented by private contributions or otherwise, there shall be established and maintained, in connection with the public school system of the city, and as a part of it, a public library, which shall, under proper regulations established by the general council, be under the direction, custody and control of the school board. Said library shall at all reasonable times, and under reasonable· directions, be open to the pupils of the public schools of such age and grade as may be fixed in the regulations of the school board, and shall, in like manner, be open and forever free to the public during reasonable and proper hours of the day, and until at least nine o'clock of the evenings; but said library may be closed on Sunday if deemed proper. When there is already established in the city a public library, the school board, under the authority of the general council, may enter into an arrangement with the person, association or corporation owning and controlling such library, whereby such library may be transferred or leased to the school board for a time or in perpetuity, or united with that established by the city under the provisions of this act, and in execution of this purpose the school board may appropriate and expend, with the approval of the general council, the funds coming to their hands under the provisions of this section: Provided, however, that the library so leased, purchased, acquired, united with or established, shall be free to the pupils of the public schools and to the general public, and that said library shall be strictly non-sectarian, and so conducted. That in aid of the establishment and maintenance of such free public library, there is hereby appropriated, and the general council shall direct to be paid

over to the school board annually, or at more frequent periods, one per centum of the net amount of the tax levied and collected by the city for school purposes, and one half of the net amount of all fines and costs collected in the police court; provided, said one-half of fines and costs so appropriated to said library fund shall not exceed five thousand dollars per annum." Acts 1894, p. 304. By section 4 of the act of March 15, 1898, to amend the act for the government of cities of the second class (Kentucky Statutes, 1899, section 3210), it was provided: "That section fifteen of article ten of the act mentioned in the title of this act be amended and re-enacted so as to read as follows: 'That as soon as a sufficient fund for that purpose shall be accumulated under the provisions of this act, augmented by private contributions or otherwise, there shall be established and maintained a free public library, which shall be under the direction and control of a board of trustees, consisting of five members to be appointed by the mayor for a term of four years, to be styled "The Board of Trustees of the Public Library." Said board shall have the custody control, management and expenditure of all funds that may heretofore have been accumulated for free public library purposes, or that may be hereafter accumulated for, or devoted to said purposes. The members of said board shall serve without compensation, they shall each give a bond in the sum of five thousand dollars for the faithful performance of their duties, and shall take an oath faithfully to perform their duties before the mayor. Said board shall have the power necessary to establish, maintain and conduct said free public library, and said board shall establish rules and regulations for the proper conduct of said library. Said library shall be open and free

to the public, under such rules and regulations as aforesaid during reasonable and proper hours, and until at least nine o'clock at night, but said library may be closed on Sunday if deemed proper. When there is already established in the city a public library, the board of trustees of the public library may enter into an agreement with the person, association or corporation owning and controlling such library whereby such library may be transferred or leased to said board for a term of years or in perpetuity or united with that established by the city under the provisions of this act. Said library shall be strictly non-sectarian and so conducted. In aid of the establishment and maintenance of such library, there is hereby appropriated and the general council shall annually direct to be paid over to said library board three per centum of the net amount of taxes levied annually in the city for school purposes, and one-half of the net amount of all fines and costs collected in the police court.' " Acts 1898, p. 157.

The question submitted is whether "it is unlawful for the general council to appropriate the one per cent., and the three per cent of the taxes levied and collected for school purposes toward the maintenance of the free public library," and whether "the acts providing for said appropriation are unconstitutional." On behalf of appellant it is insisted that the percentage appropriated from the net amount of taxes levied for school purposes is a part of the common-school fund, and the use of it for any other purpose than for the common schools is prohibited by section 184 of the Constitution; that the public library is not a part of the common school system, and this aid to it is not in aid of the common schools; and that the provisions of the statute above quoted are, in any event, in conflict with sec-

tion 180 of the Constitution, because by these acts a tax levied and collected for one purpose is devoted to another purpose.

For the purposes of this case we deem it unnecessary to consider or decide whether the tax levied by cities of the second class for school purposes is a part of the fund referred to in section 184 of the Constitution, which, after reciting certain assets of the State which "shall be held inviolate for the purpose of sustaining the system of common schools," provides further, "The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose." There is no doubt that the money in contest here is levied and collected for school purposes. It is levied and collected by authority of section 3219, Kentucky Statutes, which provides: "Said board shall annually, in the month of January, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth, thereof, and any liquidations of the liabilities during the current fiscal year, and report the same, together with the amount to be received from the common school fund of the State of Kentucky (which amount the board shall ascertain by taking the census required by law in April) to the auditor, and thereupon the general council shall, at the request of said board, levy and collect such taxes as may be requested, and the money arising from said levy shall, under the direction and control of said board, be used for the benefit of the common schools and for the purpose of paying off the indebtedness of said board: Provided, that said levy

shall not, in any one year, exceed thirty-five cents on each one hundred dollars valuation, and ten cents on each one hundred dollars valuation additional for sinking fund purposes, as returned by the board of equalization on all taxable property in the city; and provided, further, that this act shall not be so construed as to prevent said board from receiving and expending any sum or sums that may come to them by gift, devise, or any law of the State. The tax bills for all taxes levied by the general council for the public schools shall be made out by the city clerk and included in the tax bills containing the ordinary levy, and shall be collected with the same, by the same officer, and in the same manner that the ordinary levies are collected by the collecting officer, and the powers and duties conferred and required of officers in collecting the ordinary city taxes are hereby conferred and required of them in collecting the taxes levied for said public schools; and such collecting officer and his sureties shall be liable under his official bond for any failure to perform his duties, upon which bond suit may be brought for the use of said boards and recovery had for such amount as shall be found due thereon. All such sums of money, when collected and paid into the city treasury, shall be set apart to, and passed over to, the common school fund, subject to, and drawn out only by, the order of said board, as provided by law and ordinances of the said board then existing."

We have next to consider whether the library provided for in the two acts referred to is a part of the common-school system, and whether the appropriattion of money in its aid devotes such money to school purposes. The original act of 1894 provides for a kind of partnership of the

Board of Education of Covington v. Board of Trustees of Public Library of Said City.

board of education and the city in a public library, to be managed by the school board under regulations established by the general council. Under the original act it is provided that the library shall be open at all reasonable times, and under reasonable directions, to pupils of the public schools of such age and grade as may be fixed in the regulations of the school board, and shall also be open and forever free to the public during reasonable and proper hours of the day, and until at least 9 o'clock in the evening. This is not the creation of a school library. It is not for school purposes. It is the creation of a public library, with a provision for its use by the pupils of the public schools. Such use by the pupils, as pupils, seems to be more restricted than its use by them as members of the general public. The act seems to have been drawn with the view to evade the objections now made to its constitutionality, by the insertion of a provision for the use of the library by pupils. It is impossible to consider the provisions of the first act without reaching the conclusion that the purpose of the act was not to create a library for the schools, but to create a library for the public, and that, while that object may be beneficial to pupils in the public schools of cities of the second class, such benefit is incidental only, and exists to no greater degree than the benefit of the water-works, the public parks, the courts, the police and fire departments. The later act, substituted for the original provision, seems to abandon the pretense of being intended for the benefit of the schools. It contains no reference at all to the schools, except in its appropriation of a portion of the taxes levied annually in the city for school purposes. The library is not required to be open to the pupils, except in so far as they are members of the general

public. The board of education and the common schools have no control over the library or its funds. In every respect, except the source of its revenue, it is entirely separate and distinct from the school system. Section 180 of the Constitution provides: "Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town or municipal board of local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose." The money here in controversy was undoubtedly levied and collected for school purposes. The very act which undertakes to appropriate a certain percentage of it to the library recites that it is levied and collected for school purposes. If, therefore, the maintenance of a public library is not included in the words "school purposes," this money can not be thus appropriated.

There are a number of cases which incidentally shed light upon this question. In most of them the question considered was with reference to what is now section 184 of the Constitution, and they deal with attempted appropriations of the State school fund to purposes which bear more or less resemblance to educational purposes. Underwood v. Wood, 93 Ky., 179 (14 R., 129) 19 S. W., 405, 15 L. R. A., 825; Higgins v. Prater, 91 Ky., 6 (12 R., 645) 14 S. W., 910; Halbert v. Sparks, 9 Bush, 259; Auditor v. Holland, 14 Bush, 147; School Dist. v. Webb, 89 Ky., 265 (11 R., 456) (12 S. W., 298). In one of the cases cited (Collins v. Henderson, 11 Bush, 74), it was held unconstitutional to appropriate a part of the school fund to the purchase of a history. The argument in these cases is instructive. It shows how jealously the courts have guarded the fund set

Board of Education of Covington v. Board of Trustees of Public Library of Said City.

apart for the maintenance of the common schools. To the extent that they gave a strict construction to the words, "purposes of common school education," in section 184, they are authority for the construction of the words, "and no tax levied and collected for one purpose shall ever be devoted to another purpose," in section 180 of the Constitution, in its application to the words, "to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth, thereof, . . . be used for the benefit of the common schools . . . and all taxes levied by the general council for the public schools," as used in section 3219, Kentucky Statutes.

It will be observed that section 3219 limits the amount of the tax levied, "to be used to defray the expenses of maintaining the schools," etc., to 35 cents on each $100 valuation. This record does not disclose whether the appropriation of 3 per cent. of the amount actually levied would diminish the amount ascertained by the school board to be necessary to be used to defray the expense of maintaining the schools. It is quite probable that, as suggested by the learned special judge, the 3 per cent. appropriated for the library would not diminish the amount required for educational purposes, as it is probable that the school board could add 3 per cent. to the amount of their estimate, and still be within the 35 cents on the $100 valuation allowed to be levied for school purposes. But it is easy to see that if a percentage of the amount levied and collected for school purposes may be diverted to every object which indirectly aids "the cause of education," "the general system of education," "the objects of general education," the tax for school purposes might be raised to the legislative limit

without obtaining a sufficient amount to pay the teachers and maintain the buildings.

It is not denied that a part of the school tax in cities of the second class may be used for school libraries, as an adjunct to, and a part of, the school system. Nor do we controvert the proposition that playgrounds may properly be considered a part of the school system. What we decide is that the library provided for in the sections under consideration is not a part of the school system, but independent of it. It is no more an adjunct to it than a public park would be. Counsel for appellee concedes that "it must be clearly understood that the library is a school institution, and that it is the city that comes to the aid of the school institution, and not the school coming to the aid of a merely municipal institution." In our opinion, the statutes provide exactly the reverse of this contention. It is not a case of using a part of the school tax for what is undoubtedly a school purpose, and a part of the school system, as the kindergarten and the high school, but the appropriation of a part of the tax levied and collected for school purposes to an object which, however laudable it may be, is not of the schools, and should be otherwise and specifically provided for.

The judgment is reversed, and cause remanded, with directions to enter a judgment in accordance with this opinion.

Whole court sitting.

Petition for rehearing by appellee overruled.