## Board Of Education Of Spencer County et al. v. Spencer County, Levee, Flood Control and Drainage Dist. No. 1, By Its Board Of Com'rs, et al.

May 16, 1950.

T. C. Carroll, Special Judge.

Abraham & Guthrie for appellants.

Kinsolving & Reasor for appellees.

JUDGE CAMMACK—Reversing.

The question involved on this appeal is whether the Board of Education of Spencer County can be held liable for an assessment made to help finance a flood wall project. The assessment was made by the Spencer County Flood and Drainage District under Chapter 268 of the Kentucky Revised Statutes. The appeal is from a judgment overruling the Board's demurrer to the Drainage District's petition, wherein it sought to collect an assessment against the Board. In his order overruling the demurrer, the special chancellor said: "* * * it is adjudged by the Court that the payment of the Special Assessment as set out in the plaintiffs' petition is an expenditure for the benefit and welfare of the school district, and that it is not a diversion of school funds, but is an expenditure for the protection of school children, buildings, equipment and grounds, * * *"

The Board contends that (1) the payment of the assessment would constitute an unlawful appropriation of its funds to other than school purposes; and (2) the levy is an attempt on the part of one governmental agency to tax the property of another governmental agency engaged in carrying out a different public function and without express legislative authority. Since we think the first ground is well taken, we shall confine our consideration of the case thereto.

The second sentence of Section 180 of the Constitution provides: "Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

Section 183 of the Constitution directs that the General Assembly shall provide for an efficient, system of common schools throughout the State. Among other

things it is provided in Section 184 of the Constitution that: "* * * The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose. * * *"

The case of City of Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625, 626, involved the question as to whether the School Board could be held liable for an assessment for the original construction of a street. In holding that the Board was not liable for the assessment this Court said: "* * * Moreover, it would seem that the appropriations of any part of the fund, or the taxes which have been devoted to the purposes of the common school system, to the payment either of general taxation for the support of the state government, or of special assessments to pay the cost of street improvements, would be an appropriation thereof to another purpose than that of the school system, and therefore forbidden by Section 184 of the constitution.* * *"

The case of Board of Education of City of Covington v. Board of Trustees of Public Library of City of Covington, 113 Ky. 234, 68 S. W. 10, 12, involved the question as to whether school funds could be used to help maintain a public library which was open to school children only part of the time. This was held to be a violation of Section 184 of the Constitution. The ruling in the Leatherman case was cited in support of this holding. The Court recognized that the library might be beneficial to school children, but pointed out that such a benefit was only incidental, "and exists to no greater degree than the benefit of the waterworks, the public parks, the courts, the police and fire departments."

In the case of Wilson v. Board of Education of City of Russellville, 226 Ky. 476, 11 S. W. 2d 143, the Leatherman case was cited in support of the finding that a statute which authorized school districts to agree in writing to pay their proportionate share of public improvements in front of their property violated Section 184 of the Constitution.

In Schuerman v. State Board of Education, 284 Ky. 556, 145 S. W. 2d 42, we upheld the expenditure of public school funds for membership fees in the Kentucky

School Board Association on the ground that the Association was organized to promote the educational interests of the State. In Board of Education of Kenton County v. Talbott, 286 Ky. 543, 151 S. W. 2d 42, we held that school boards could be required to pay the State tax on gasoline purchased by them. We think the facts in these two cases are clearly distinguishable from those in the three cases just discussed, as well as from those in the case at bar.

Unquestionably, the Board of Education of Spencer County and the children in its district will benefit by the construction of the flood wall. As a matter of fact it would be hard to think of any public project or enterprise from which there would not be some educational benefits. This was recognized in the Covington Library case. The test is, what constitutes an educational purpose within the meaning of Section 184 of the Constitution, rather than whether an activity might be beneficial to education.When the provisions of Sections 180 and 184 of the Constitution are considered together, as they must be, it seems quite clear to us that the Board can not be required to pay an assessment to help build the flood wall.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.