**BOARD OF EDUCATION OF MADISON COUNTY et al. v. WAGERS, Sheriff-Tax Collector, et al.**

Court of Appeals of Kentucky.
Feb. 16, 1951.

Rehearing Denied May 29, 1951.

Clay Shackelford, A. R. Burnam, III, Shackelford & Burnam and George T. Ross, all of Richmond, for appellants.

A. E. Funk, Atty. Gen., John Noland, Richmond, John Y. Brown, Lexington, Rodes K. Myers, Bowling Green, Salem Moody, County Atty., Richmond, for appellees.

CLAY, Commissioner.

This declaratory judgment action questions the authority of the Sheriff of Madison County to retain as compensation for the collection of local school taxes an amount greater than one percent thereof. The Chancellor adjudged the Sheriff was entitled to the statutory allowance of four percent, fixed by KRS 160.500, and denied an injunction sought by appellants to enjoin him from receiving a fee in excess of that amount.

The fundamental question in the case is whether or not the retention by the Sheriff of a fee of four percent of the amount of local school taxes collected (admittedly authorized by KRS 160.500), will be an unconstitutional diversion of school taxes. Appellants' position is that such a sum is greatly in excess of the cost of collecting school taxes in Madison County, and that to permit the Sheriff to use this fund for

the general operating expenses of his office will constitute an improper expenditure of school funds in violation of Sections 180 and 184 of the Kentucky Constitution.

The second sentence of Section 180 provides: "Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and *no tax levied and collected for one purpose shall ever be devoted to another purpose.*" (Italics ours.)

The second sentence of Section 184 provides: "The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, *shall be appropriated to the common schools, and to no other purpose.*" (Italics ours.)

Prior to 1920 the cost of collecting school taxes was paid out of the county's general fund. In that year the Legislature authorized the county sheriff to receive a commission for collecting this tax, not to exceed one percent thereof. In upholding this act in Ross, Sheriff, etc. v. County Board of Education, etc., 196 Ky. 366, at page 375, 244 S.W. 793, at page 797, this Court said: "To require the proceeds of a tax levied and collected under chapter 36, supra, for purposes of common school education, to bear the costs of its collection, is not violative of either section 180 or 184 of the Constitution, as it is not the appropriation of a tax levied for one purpose to another purpose, for the taxes must be collected, and some one must be paid for it."

In 1946 the statute (now KRS 160.500), was amended to allow the tax collector "a fee at the rate of four percent for the collection of school taxes."

We had before us the 1946 amendment in Dickson, Sheriff, et al. v. Jefferson County Board of Education et al., 311 Ky. 781, 225 S.W.2d 672. That case came up from Jefferson County. The pleadings and proof showed that a fee of one percent was amply sufficient "to cover the costs of collecting the local school tax," and that to allow the sheriff an additional three percent would amount to an excess of between $50,000 and $60,000 a year. It was proposed that this excess be paid into the general fund of the city. We said, 311 Ky. at page 786, 225 S.W.2d at page 675: "There is an element of cost involved in the collection of any tax. We think no violence is done to either Section 180 or 184 of the Constitution when a reasonable charge is made against a local school tax for its collection. However, the express mandates of those sections must not be overlooked when a school tax is under consideration, because under them a tax cannot be levied for school purposes and then used for other purposes. Under the facts presented in this case, it is shown that the additional three percent allowed the Sheriff of Jefferson County under the 1946 Act for the collection of the Jefferson County School taxes will result in a diversion of more than $50,000 annually to purposes other than school purposes. This we believe to be in violation of both Sections 180 and 184 of the Constitution."

The history of our decisions indicates this Court has jealously guarded school funds from diversion, even for laudable purposes. See Halbert v. Sparks, 9 Bush. 259, 72 Ky. 259; Underwood v. Wood, 93 Ky. 177, 19 S.W. 405, 15 L.R.A. 825; City of Louisville v. Leatherman et al., 99 Ky. 213, 35 S.W. 625; Board of Education of Covington v. Board of Trustees of Public Library of said City, 113 Ky. 234, 68 S.W. 10; Board of Education of Spencer County et al. v. Spencer County Levee, Flood Control and Drainage Dist. No. 1, By Its Board of Com'rs et al., 313 Ky. 8, 230 S.W.2d 81.

The contention of appellees is that under Section 106 of the Constitution the Legislature is specifically authorized to fix the fees of county officers; that the amount of the fee for collecting a tax is not a part of the fund collected; and that until the Madison County Sheriff's office shows an actual surplus after the payment of all expenses, the school tax collection fee is not a part of the school fund. We have some difficulty following this argument.

**50** ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ With respect to the right of the Legislature to fix fees, this authority may not be exercised contrary to other provisions of the Constitution. In addition, as pointed out in the Dickson case, above discussed (Dickson, Sheriff et al. v. Jefferson County Board of Education et al., 311 Ky. 781, 225 S.W.2d 672), there is a marked difference between a fee for a particular service and a charge for collecting a tax which the general public must pay.

Appellees contend that there is actually no determinable school fund until after the sheriff has deducted his authorized commission for making the collection, and therefore we cannot question the purpose for which the fee is used. This contention is based primarily on Board of Education of Louisville, Kentucky v. Sea, Tax Receiver, et al., 167 Ky. 772, 181 S.W. 670. That case involved the validity of a statute allowing discounts for the prompt payment of taxes. The point was made that such allowance constituted a diversion of school funds on the theory that the school fund consisted of the full amount of taxes *levied* for that purpose. In that case we said, 167 Ky. at page 781, 181 S.W. at page 674: "To our minds a tax is not produced until it is levied and collected, and, unless plainly prohibited, the levying power may reduce the sum levied in the process of collection in order to produce the collected fund, and that this constitutes no misappropriation of any produced fund."

▮ Appellees, on the basis of this language, insist that the school fund which may not be diverted is only the net amount of school taxes *produced* after deducting the four percent fee chargeable to its collection. We can go along with this argument as long as the amount of the fee reasonably approximates the cost of making the collection. If, on the other hand, the fee percentage produces a substantial sum which is applied to a use other than paying the reasonable cost of collection, then a part of the school tax is appropriated to something other than school purposes.

▮ The only proof offered in this case shows that the actual cost of collecting school taxes in Madison County will be not more than one percent of the anticipated school revenue. The extra three percent will create a fund which the Sheriff proposes to use for the payment of the general expenses of his office. If part of the school tax revenue is used for this purpose, it constitutes a violation of the clear prohibition contained in Sections 180 and 184 of the Kentucky Constitution.

We do not hold that KRS 160.500 is unconstitutional, nor do we decide that a four percent fee for collection is in all cases unreasonable. To the extent, however, that the fee is used for some purpose other than paying the reasonable cost of collection, it is unconstitutionally diverted from a school purpose. The Chancellor should, therefore, have enjoined the Madison County Sheriff from charging, collecting or retaining any fee in excess of one percent of the amount of school taxes received, unless a higher percentage is made necessary to cover the reasonable cost of collection.

The judgment is reversed for proceedings consistent with this opinion.