## BOARD OF EDUCATION OF GRANT COUNTY v. BALLARD, Sheriff.

Court of Appeals of Kentucky.
June 20, 1952.

Bradley & Bradley, Georgetown, for appellant.

L. M. Ackman, Williamstown, for appellee.

CLAY, Commissioner.

This is another case involving the proper compensation to which a sheriff is entitled for the collection of 1950 school taxes. The Grant County Board of Education is willing to pay 1 percent; the sheriff claims 2½ percent; and the court allowed 2 percent.

The total common school taxes collected was roughly $155,000 out of a total of $286,000 for all taxes.

It is shown by the record that the sheriff employs three deputies to assist him. One is paid $2,400 a year; another $1,800 a year; and the third $900 per year. These total $5,100. The sheriff added a charge of $300 per year for the use of his automobile. It is claimed by him that this full amount of $5,400 is chargeable to the collection of all taxes. He testified that he could perform all of the other duties of his office without deputies.

The court in fixing the 2 percent allowance found that it amounted to $5,720. This more than covers all of the deputies' annual salaries and the automobile expense. It does not allow but a small amount as compensation for the sheriff's own personal services, although he apparently did not expend any appreciable time himself in the tax collection work. It is claimed by him that he should have been allowed an additional amount of at least $250 a month for at least some period of the year.

The Board of Education takes the position that the total annual salaries of the three deputies cannot reasonably be charged to the collection of taxes. It contends that a reasonable allowance should be based upon the salaries paid for a six month period, which would be less than 1 percent.

As we decided in the case of Davie, Sheriff of Fulton County, Kentucky v. Board of Education of Hickman City Schools, Ky., 249 S.W.2d 954, we think it proper that cost estimates for the collection of taxes be calculated upon an annual basis. The six month period for which the Board of Education contends ignores the practical necessity for the sheriff to have full-time employees throughout the year.

From the record it does not appear that the entire annual salaries of the three deputies may properly be charged to the collection of taxes. On the other hand, an allowance should be made for the personal supervisory services of the sheriff. However, if we charged two-thirds of the deputies' salaries to tax collection (the active tax collection period being 8 months out of the year), and allowed the sheriff $150 a month for the entire year, the resulting figure would be approximately the same one decided upon by the circuit court.

Each case of this type must be decided upon the particular facts involved, and on the record before us, we are of the opinion that the lower court made a proper allowance in fixing the reasonable cost of collection at 2 percent of the school taxes collected.

The judgment is affirmed.