BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellant,

v.

James E. TIERNEY, Treasurer of Jefferson County, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 3, 1955.

A. E. Cornett, Hyden, for appellants.

Maxwell P. Barret, Hazard, for appellees.

Lucian L. Johnson, Louisville, for appellant.

Arthur C. Coaplen, Asst. County Atty., Louisville, for appellee.

WADDILL, Commissioner.

Pursuant to KRS 418.020 an agreed case has been presented seeking a determination as to what agency of government is entitled to the surplus remaining in the Jefferson County Livestock Fund, which accrued under the provisions of KRS, Chapter 258, prior to its repeal by Chapter 119 of the 1954 Acts of the Legislature.

The Chancellor decreed that (1) "the surplus in the Jefferson County Livestock Fund as of December 31, 1953, of $202.96 be paid to the Jefferson County School Fund;" and (2) that "the remaining balance of $3,012.13 shall be held by the defendant, Treasurer of Jefferson County, until December 31, 1955, to pay any valid claims which accrued prior to July 1, 1954, and which are presented for payment by December 31, 1955, and the surplus as of December 31, 1955, if any, shall then become part of the General Fund of Jefferson County and may be used for the purpose of maintaining a dog pound."

The school board has appealed from the judgment, contending that the surplus remaining in the livestock fund as of December 31, 1955, should be paid to the county school fund as provided for in KRS 258.340(2).

Prior to June 17, 1954, KRS, Chapter 258 contained the general statutory law on the subject of dogs. We consider pertinent provisions thereof in reaching a solution of the immediate issue. KRS 258.170 provided for the licensing of dogs; KRS 258.270 directed fees to be paid for the licensing of dog kennels; KRS 258.130 authorized the sale or destruction of impounded dogs, and KRS 258.990(3) and (4) provided fines for the violations of the provisions of Chapter 258. KRS 258.320 directed all funds received from licenses, sales of impounded dogs, and fines (after certain costs were deducted) to be paid into the county livestock fund. Under KRS 258.420 the owner of livestock, which were killed or bitten by dogs, could, under certain circumstances, be reimbursed for such loss out of the county livestock fund when proper procedure was invoked. And KRS 258.340(2) provided:

"After payment for all loss, damages, compensation and other necessary expenses, any surplus remaining in the county livestock fund at the end of a year shall be paid into the county school fund."

In 1954 the Legislature passed House Bill 139, being Chapter 119 of the 1954 Acts of the General Assembly, (now recodified in KRS, Chapter 258) and by section 41 expressly repealed sections KRS 258.010 to 258.490 and subsections (1)-(4) of section 258.990. Section 34 of Chapter 119 provides:

"(1) Any valid claims, or parts thereof, for loss or damage to sheep, horses, mules, cattle, swine or poultry which have accrued under the provisions of KRS 258.010 to 258.490 and KRS 258.990, and any such claims which may accrue prior to July 1, 1954, shall not abate by reason of the repeal of such sections but to the extent that funds are available for the payment thereof, such claims shall be paid out of the available funds, of the proper counties, and for such purpose the provisions of said sections are hereby saved from repeal.

"(2) Any such claims remaining unpaid out of the available fund of the proper county after December 31, 1955, shall be paid from the Livestock Fund to the extent of available funds as determined by the committee and in the order of their presentation; provided, however, that no such claims presented after December 31, 1956, shall be so paid."

In view of the fact that Chapter 119 of the 1954 Acts of our legislature made no provision for disposing of any surplus remaining in the livestock fund created under KRS 258.340(2) which was repealed when the new law became effective on June 17, 1954, a dispute arose between the Jefferson County Board of Education and Treasurer of Jefferson County as to what agency was entitled to the surplus remaining in the Jefferson County Livestock Fund.

Section 184 of our State Constitution provides that " * * * any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose. * * *"

The surplus in the Jefferson County Livestock Fund was produced under the former provisions of KRS, Chapter 58 "for purposes of common school education," and thus clearly comes within the protection of section 184 of our Constitution. See, Board of Education of Spencer County v. Spencer County, etc., 313 Ky. 8, 230 S.W.2d 81; Wilson v. Board of Education of City of Russellville, 226 Ky. 476, 11 S.W.2d 143; City of Louisville v. Leatherman, 99 Ky. 213, 35 S.W. 625; City of Louisville v. Louisville School Board, 32 S.W. 406, 17 Ky.Law Rep. 697. Therefore, the Jefferson County School Fund was not only entitled to the surplus in the Jefferson County Livestock Fund as of December 31, 1953, but was also entitled to judgment for any surplus therein as of December 31, 1955.

To the extent that the judgment awards the Jefferson County School Fund the surplus in the Jefferson County Livestock Fund as of December 31, 1953, of $202.96, it is affirmed; to the extent that it awards the surplus in the Livestock Fund as of December 31, 1955, to the General Fund of Jefferson County it is reversed, with directions to enter judgment awarding the surplus in the Livestock Fund as of December 31, 1955, to the Jefferson County School Fund.