**BOARD OF EDUCATION OF FAYETTE COUNTY, Kentucky, Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 26, 1985.

William E. Sloan, Wylie & Sloan, Lexington, for appellant.

Edward W. Gardner, Suzanne Shively Havens, Dept. of Law, Lexington, for appellee.

Before HAYES, C.J., and McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

This appeal by the Board of Education of Fayette County challenges the trial court's determination that sewer user charges of the Lexington-Fayette Urban County Government for the construction and maintenance of the public sanitary sewers would be paid from public school funds. The issue was whether the Board of Education should be required to pay sewer user charges prescribed under ordinances enacted pursuant to the authority of K.R.S. 96.-910 et seq. The trial court concluded that the use of public school funds to pay for the maintenance and operation of the public sanitary sewers in Fayette County did not constitute a use of public school funds for other than public school purposes under Sections 180, 184 and 186 of the Kentucky Constitution. Additionally, the court concluded that the sewer user charges were not a tax, and the Board of Education has no constitutional exemption from the payment of such charges under Section 170 of the Kentucky Constitution.

After review of the record, with the help of able counsel for both parties by their briefs, and having benefit of their oral argument, we are persuaded to affirm and we adopt the trial court's excellent opinion as our own. Judge Barker's opinion is as follows:

"The Board contends that the sewer user charge is merely a tax in sheep's clothing and that the Board should be exempt from taxation as is provided in Section 170 of the Kentucky Constitution. The Board points out that the statements for sewer user charges submitted to sewer users by the Government contain the following legend in bold face red type on the statement:

"Previously this service was paid through your real estate property tax bill. Your next real estate tax bill will no longer include this charge. (Ordinance No. 139–81, past 7/9/81)

"However, the mere fact that the sewer user charges prescribed by the Government are in lieu of taxes previously assessed and are utilized for the same purposes for which taxes previously were levied does not serve to make the sewer user charge a tax. KRS 96.910 makes it clear that it was the purpose of the legislature to authorize a new and alternative measure to provide for sewer facilities. Even prior to the passage of that Statute in 1958, the Court of Appeals of Kentucky had held that sewer rental charges were not taxes or special assessments. *Louisville and Jefferson County Metropolitan Sewer District v. Barker*, 307 Ky. 655, 212 S.W.2d 122 (1948) and *Sanitation District No. 1 of Jefferson County v. Campbell*, Ky., 249 S.W.2d 767 (1952).

"It is the opinion of this Court that the sewer user charges in issue in this case are not taxes and that the Board has no constitutional exemption from the payment of such charges by virtue of Section 170 of the Kentucky Constitution.

"Next, the Board contends that even if the sewer user charge not be considered a tax, the Board would be prohibited from using school funds in payment thereof because of the proscription contained in Articles 180, 184 and 186 of the Kentucky Constitution. When read together, these three articles prohibit the diversion of common school funds for purposes other than the maintenance of the public schools of the Commonwealth.

"There is a long line of cases holding that a School Board cannot be held liable for an assessment for public improvements such as streets, flood walls and libraries. *City of Louisville v. Leatherman*, 99 Ky. 213, 35 S.W. 625 (1896); *Board of Education of Spencer County v. Spencer County, Levee Flood Control and Drainage District No. 1*, 313 Ky. 8, 230 S.W.2d 81 (1950), and *Board of Education of City of Covington v. Board of Trustees of Public Library of Covington*, 113 Ky. 234, 68 S.W. 10 (1902).

"In *Robertson v. City of Danville*, Ky., 291 S.W.2d 816 (1956), the Court of Appeals held that a special assessment for benefits is not a tax within the constitutional concept of the word "tax" and is not subject to constitutional limitations on taxation. The Court went on to approve the financing of a sewer construction project by the levying of annual improvement benefit assessments on the basis of the assessed values of the benefited properties, including all public school property. However, it would appear that the only reason the Court approved the assessment of public school property was because the enabling act provided for the payment of the annual levies from the State Treasury out of monies not otherwise appropriated. Such payment by the State was authorized by the 1953 Amendment to Section 186 of the Constitution which left the distribution of school funds to legislative discretion, limited only to the standard that such distribution must be in aid of education.

"More recently the Supreme Court of Kentucky in *Miller v. Covington Development Authority*, Ky., 539 S.W.2d 1 (1976), reaffirmed the constitutional prohibition that money collected for the purposes of education in the common school system could not be spent for any other purpose, public or not. This was true, said the Court, even though the school funds diverted for the purpose of urban renewal was money which the schools would not have had except for urban renewal.

"On the other hand, the Court in *Board of Education of Kenton County v. Talbott*, 286 Ky. 243, 151 S.W.2d 42 (1941), held a Board of Education liable for payment of a state excise tax on gasoline with the majority finding that Section 170 did not prohibit an excise tax and Section 184 did not apply because it could be implied from the fact that the Statute provided no exemption for school boards, that the expenditure for gasoline, including the taxes levied thereon, was for school purposes. . . .

"After considering carefully all of the cases cited by counsel for the parties and not just those cases referred to herein, it is the opinion of this Court that the applicability of Sections 180, 184 and 186 to the issue of whether a sewer user charge can be paid from school funds must be determined by a reasonable interpretation of whether the service or commodity provided is necessary for the maintenance of the public schools and is exclusively for the benefit of the public schools. No one could seriously argue that providing electricity, water and other utilities were not necessary. By a system of metering the exact amount used by the school it can be determined, for all practical purposes, that the use is exclusively for the benefit of the school. It stands to reason that if piping water into a school is necessary, flushing it out is also necessary. Particularly is this true in view of the legislative policy expressed in KRS 96.930 which places a public duty upon the user of water which becomes contaminated to provide and pay for the proper disposition thereof. There would appear to be no question but that the Board must provide for and pay for the proper disposition of its sewage. It is admitted that in those cases where a sanitary

sewer is not available, the Board provides for and pays for proper septic tank disposition. By like token, if sanitary sewers are available to the school then the school would be required to use them because KRS 96.930 provides that the proper disposition must be according to the highest public health standards. There is no "duty" imposed upon the government to provide sanitary sewers free of charge. The critical question presented is whether the charges imposed bear such a relationship to the service provided as to enable the Court reasonably to say that the school funds have been expended for the exclusive benefit of the public schools.

 "It is the opinion of the Court that the method used by the Government of basing sewer user charges upon the volume of water used is a reasonable method of determining the actual use of the sewers made by the public schools. The fact that a small percentage of the user charges are used for construction and expansion is not relevant because as a practical matter, a percentage of electric bills and water bills are also used for construction and expansion. For all practical purposes, the user charges imposed upon the Board represent only a reasonable rental of facilities already in place. At this time, the Government does not propose to include a substantial charge for future expansion. If such should be done then the School Board would have the opportunity to object and receive an appropriate rate reduction to the extent that its public school funds were being used to construct public improvements for the benefit of others. See KRS 96.938. However, this issue has not been presented in this lawsuit.

"It is the opinion of this Court that the sewer user charges fixed by ordinance are not a tax within the meaning of Section 170 of the Kentucky Constitution and that the Board is not exempt from the payment of such charges. It is the further opinion of the Court that the sewer user charges imposed upon the Board bear a reasonable and rational relationship to the value of the services provided and therefore are exclusively for the benefit of and necessary for the maintenance of the public schools. It is the further opinion of this Court that the Board should be required to pay all delinquent sewer user charges together with any penalty thereon and should be required to pay all subsequent charges subject to their rights under KRS 96.938."

The judgment of the trial court is affirmed.

All concur.