Gerald R. BENSON, Campbell County Clerk, Appellant,

v.

BOARD OF EDUCATION OF the BELLEVUE, KENTUCKY, INDEPENDENT SCHOOL DISTRICT, Dayton, Kentucky, Independent School District and Newport, Kentucky, Independent School District, Appellees.

Nos. 86–CA–2453–MR, 86–CA–002550–MR.

Court of Appeals of Kentucky.

Jan. 22, 1988.

Rehearing Denied Feb. 19, 1988.

Discretionary Review Denied by Supreme Court May 10, 1988.

Julius Rather, Lexington, for appellant.

Beverly R. Storm, Robinson, Arnzen, Parry & Wentz, Covington, for Bellevue Independent School Dist.

Ted Knoebber, Bernard J. Blau, Newport, for Newport Independent School Dist.

Stephen D. Wolnitzek, Smith, Wolnitzek & Schachter, Covington, for Dayton Independent School Dist.

Before HOWERTON, C.J., and COMBS and WEST, JJ.

WEST, Judge.

These are appeals from orders of the Campbell Circuit Court determining the amount of fee the county clerk is entitled to for collecting school tax and how that fee is paid. The trial court determined that the "County Clerk may not receive a fee for collecting the school tax which is in excess of his actual cost of collection, not exceeding 4%." The court further determined that the clerk may not deduct his fee prior to paying to the depository of the School District Board of Education the amount of the school tax collected. This appeal results.

■ Gerald Benson, the Campbell County Clerk, raises those same issues before this Court. He first contends that the county clerk may deduct his fees before turning the tax monies over to the school districts. He bases that contention on among other cases *Board of Education of Madison County v. Wagers*, Ky., 239 S.W. 2d 48 (1951), and *Davie v. Board of Education of Hickman City Schools*, Ky., 249 S.W.2d 954 (1952). Those cases, however, do not directly address the issue as framed by the appellants. We believe KRS 160.510 which deals with taxes paid to the depository to be controlling. That statute states in pertinent part:

> The tax collector shall, on or before the 10th day of each month, pay to the depository of the District Board of Education the amount of *school tax collected up* to and including the last day of the preceding month.... (Emphasis added.)

The plain reading of that statute requires that the whole amount of school tax collected be paid to the depository. This statute goes on to include the procedure for the tax collector to make final settlement with the Board of Education. We hold that final settlement refers to the submission to the Board of the tax collector's statement of its costs for collecting the taxes. Therefore, we agree with the trial court on this issue.

■ The second issue concerns the amount of fee to which the county clerk is entitled. KRS 134.805(3) states:

> The county clerk shall be allowed a commission of four percent (4%) of the district school taxes collected.

KRS 160.500 dealing with the collector of school taxes indicates that the tax collector shall be entitled to a fee equal to his expense, but not less than 1% or more than 4% for the collection of the taxes. These statutes deal with the different districts involved, including independent school districts and county school districts. The appellant contends that pursuant to KRS 134.805(3) he is entitled to the entire 4% regardless of his expense.

Although the statutes are somewhat conflicting and it may have been that the legislature's intent was to create a flat 4% commission for the county clerks for collecting the taxes, such interpretation would bring KRS 134.805(3) into conflict with Sections 180 and 184 of the Kentucky Constitution. The trial court held and we agree that the clerk's commission is limited by Sections 180 and 184 of the Kentucky Constitution which prohibits the use of school funds for anything other than school purposes. The only exception to those constitutional limitations is the payment by the school board of the reasonable and actual costs of collecting the taxes. *See Dickson v. Jefferson County Board of Education*, 311 Ky. 781, 225 S.W.2d 672 (1950); *Board of Education of Madison County v. Wagers*, Ky., 239 S.W.2d 48 (1951), and numerous other cases citing those as authority. Therefore, we agree with the trial court's well-reasoned opinion and it is thus AFFIRMED.

All concur.