BOARD OF EDUCATION OF PAINTS-
VILLE INDEPENDENT SCHOOL DIST.
et al. v. TRIMBLE, Sheriff et al.

Court of Appeals of Kentucky.

Aug. 9, 1954.

W. A. Johnson, Paintsville, for appellants.

H. H. Moore, Louisa, for appellees.

CULLEN, Commissioner.

D. B. Trimble, Sheriff of Johnson County, retained four percent of the amount of taxes collected, as his fee for collecting school taxes for the Paintsville Independent School District for the fiscal years 1950–51 and 1951–52. The total collections were $72,732.70 for 1950–51 and $96,055.55 for 1951–52, and the amounts retained were $2,909.31 and $3,842.22 respectively. The board of education of the school district brought action seeking to limit the sheriff's fee to one percent, and to recover the amount in excess of that percentage retained by the sheriff. The court allowed a fee of 2.68% for each year, and entered judgment against the sheriff for the amount retained by him in excess of that percentage. The school board has appealed, contending that the fee should be limited to one percent.

For the 1951–52 fiscal year, the court determined that the total expenses of the sheriff's office, aside from the sheriff's own compensation, were $9,275.97. To this sum the court added $7,200 for the sheriff's compensation, making the total expenses $16,475.97. The court determined that 75% of the expenses for a period of 10 months was attributable to tax collection work generally, and that the Paintsville school district taxes constituted 25% of all taxes collected. Accordingly, the court reached a figure of $2,574.33 as the expenses for collecting the Paintsville school taxes for 1951–52. This constituted 2.68% of the amount of the school taxes.

The court erred in including, in the total expenses of the sheriff's office, around $1,700 for automobile expense and $330 for transporting prisoners. There was no suitable evidence that any appreciable portion of the automobile expense was attributable to tax collection work. Eliminating these two sums, the basic expenses of the office, aside from the sheriff's own compensation, would be approximately $7,000.

While there is some question as to whether local standards of compensation in Johnson County are high enough to justify val-

uing the sheriff's own time at $7,200 per year, there was some evidence to support the chancellor's allowance of that amount, so we will concur in his including. that amount in the total expenses of the office. This would make the total expenses $14,200.

Applying, to the total expenses of $14,200, the same formula that was used by the lower court, we reach a figure of approximately $2,200 as the amount of expenses allocable to collection of the Paintsville school taxes. This represents a percentage of 2.31. We think this is a proper allowance for the year 1951–52.

As concerns the year 1950–51, the lower court simply took the percentage of 2.68 first determined for 1951–52, and applied it to the amount of taxes collected for 1950–51. This method of determining the expenses for 1950–51 cannot be justified on any basis.

The sheriff's evidence showed that his total expenses for 1950–51 were substantially higher than for 1951–52, chiefly because he employed five more deputies. The compensation of his deputies was $10,500, and adding to this his own compensation of $7,200 makes the total expenses $17,700. Since there was no evidence that the tax collection work required more time than in 1951–52, we think it would be proper to conclude that not more than 50% of the time for 10 months, in 1950–51, was devoted to tax collection work. Applying the same formula as used for 1951–52, except for the substitution of 50% in place of 75% in the time factor, we reach a total of approximately $1,840, which we think is a proper allowance for the year 1950–51.

■ The judgment should charge the sheriff with interest, from the respective settlement dates, on the amounts withheld by him in excess of the amounts herein determined to be proper. Board of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17; Board of Ed. of Caldwell County v. Lewis, Ky., 269 S.W.2d 193.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.