## WELLS, Sheriff v. BOARD of EDUCATION of MENIFEE COUNTY et al.

Court of Appeals of Kentucky.
Dec. 6, 1951.

J. A. Richards and Daniel W. Doggett, Jr., of Owingsville, for appellant.

Lewis A. White, Mt. Sterling, for appellee.

CULLEN, Commissioner.

In an action against the sheriff of Menifee County, the board of education of the

county sought a declaration as to the amount of compensation to which the sheriff was entitled for collecting the school taxes for the year 1950. The circuit court fixed the amount at $750. The sheriff has appealed, claiming that the amount is too low, and the board of education has cross-appealed, contending that the amount is too high.

In Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672, this court held that a sheriff's compensation for collecting school taxes could not exceed the reasonable cost of collection, and that the four percent fee fixed by KRS 160.500 could be allowed only where the reasonable cost of collection justified the allowance of the maximum fee. The same holding was made in Board of Education of Madison County v. Wagers, Ky., 239 S.W.2d 48.

The parties in this case recognize that the Dickson and Wagers cases are controlling, and the only issue in this case is one of fact as to the reasonable cost of collecting the 1950 school taxes in Menifee County.

Menifee County is a poor county, from the standpoint of tax revenues. The tax collections for 1950 were as follows: State, $1,440; county, $13,709; school, $39,812.

The sheriff did not employ any deputies and all taxes were collected by him, except that occasionally, when he was absent from his office, the county judge would accept payments from the taxpayers who came to the courthouse. The sheriff had no expenses for supplies and equipment except a negligible sum for pencils and ink.

The circuit court decided that a competent clerk capable of collecting taxes could have been employed at a salary of $150 per month; that the tax collection duties would have required full time work for four months and half time work for six months, or the equivalent of seven months full time; that on this basis the cost of collecting all taxes would be $1050; that the school taxes represented approximately 72 percent of the total tax collections; and that, apportioning the cost of collection on a percentage basis, the reasonable cost of collecting the school taxes was $750.

We are of the opinion that the proper basis for determining the cost of collection in this particular case, where the sheriff did the work himself and did not employ a deputy, is the reasonable value of the time required to be expended by the sheriff in collecting the taxes. Having in mind that the sheriff is an elected public officer, and that the integrity, judgment and responsibility required of him are elements to be considered in determining the value of his srvices, we believe that the value of his services, we believe that the value sum at which a competent clerk could have been hired.

In endeavoring to fix a standard for measuring the value of the services of the sheriff, a number of factors must be taken into consideration. The office is a responsible one, involving many varied duties, such as enforcing the law, collecting taxes, assisting in the conduct of elections, and serving the courts. In many counties of Kentucky the office of "high sheriff" is considered the most important office. The people are interested in having the office occupied by a man in whom they may have confidence. This suggests that the compensation should be sufficient to attract suitable men to the office. On the other hand, the amount of compensation necessarily must be controlled to some extent by local conditions and limited in some degree by local standards of compensation.

Menifee County has a small population and low revenues. Compensation in private employment is lower than in the richer and more populace areas. Likewise, the salaries of those county officers in Menifee County who are compensated on a salary basis, is considerably less than in the majority of other counties. The evidence shows that the county judge is paid a salary of $150 per month, and the county attorney a salary of $125 per month. However, the judge's salary is supplemented by fees, and the county attorney's salary is supplemented by a commission on fines and forfeitures, and by fees.

■ Taking into consideration the finding of the lower court that a reasonable salary for a competent clerk would be $150 per month (which finding was justified by the evidence), the fact that the sheriff has duties and responsibilities exceeding those of a mere clerk, and the evidence as to the compensation of other officers of the county (making due allowance for the fees received by those officers), it is our opinion that the sum of $250 per month represents a reasonable valuation of the services of the sheriff of Menifee County for 1950.

The evidence as to the time devoted to the tax collection work ranged from an estimate of eight months down to an estimate of four and one-half months. It is clear from all the evidence that the major portion of the tax collection work during 1950 fell in a four-month period, and that during the rest of the year, very little time was required for this work. We think the evidence does not justify a conclusion that more than half of the sheriff's time during 1950 was devoted to tax collection duties, even making a liberal allowance for "standby" time in the office waiting for taxpayers to come in. Therefore the time allowance should have been fixed by the trial court at the equivalent of six months.

■ The board of education argues that, since the state, county and school taxes all are on the same bill, it takes no more time or effort to collect the school taxes than to collect the state or county taxes, and therefore the cost of collection should be divided into three equal parts, instead of being computed according to the amount of money collected under each of the levies. The responsibility of the sheriff certainly is affected by the amount of money collected, and it is our opinion that the circuit court, in allocating the costs of collection, properly took into consideration the ratios between the amounts collected.

■ The board of education further contends that, since the circuit court fixed $1050 as the cost of collecting all taxes, and the sheriff received $992 in fees for collecting the state and county taxes, the remaining sum of $58 is all that could be allowed for collecting the school taxes. There is no merit in that argument. The sheriff is entitled to the reasonable cost of collecting the school taxes, and if, according to the standard used for determining that cost, he was paid too liberally for collecting the state and county taxes, that is a matter for legislative consideration, and is of no concern to the school board.

■ The sheriff urges that, because of the expenses incurred in carrying out the duties of the office, the net amount of compensation from all sources will not be sufficient to meet ordinary living expenses, unless the full four percent commission for collecting school taxes is allowed. It appears that practically all of the expenses to which he refers were incurred in the operation of his automobile in patrolling the highways and in other law enforcement duties. The school fund cannot be made to bear any part of these expenses. Board of Education of Madison County v. Wagers, Ky., 239 S.W.2d 48.

Taking $250 per month as a reasonable valuation of the services of the sheriff, allowing the sheriff the equivalent of six months' time for the work of collecting all taxes, and using the ratios between the amounts of taxes collected as the basis for computing the cost allocable to school tax collection, we find that the compensation for collecting the school taxes would amount to $1080. Since this is, at best, an approximation, and since there was some proof of incidental expenses, we believe that an allowance of $1100 would be proper.

The judgment is affirmed on the cross-appeal, and reversed on the direct appeal, with directions to enter a judgment in conformity with this opinion.