## BARREN COUNTY BOARD OF EDUCATION v. EDMUNDS.

Court of Appeals of Kentucky.
Nov. 13, 1952.

Richard L. Garnett, Glasgow, for appellant.

Brents Dickinson, Jr., Glasgow, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment of the Barren Circuit Court under which appellee, Jesse Edmunds, Sheriff of Barren County, was awarded the sum of $3,549.16 as compensation for the reasonable cost to him of collecting the 1950 tax levy for appellant, Board of Education of Barren County, Kentucky.

■ KRS 160.500 provides that the tax collector shall be entitled to a fee of four per cent for the collection of school taxes. In Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672, it was held the statute providing a flat four per cent fee violated constitutional provisions, Constitution, Sections 180 and 184, against diverting taxes or school funds in cases where the reasonable cost of collection was less than the amount reached by the application of the four per cent formula to the total amount of taxes collected. In Board of Education of Madison County v. Wagers, Ky., 239 S.W.2d 48, we pointed out that it had not been decided a four per cent fee for collection is in all cases unreasonable, and indicated that the question of whether or not the fee was reasonable would be adjudged according to the facts developed in each case. In Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160, additional guides and standards were set up to aid the court in determining reasonable fees in some circumstances. But all of the authorities cited support the rule that the trial court must fix the quantity of the fee at a figure commensurate with the services rendered.

■ In the instant case, the Circuit Judge, Honorable Frank W. Jones, in a written opinion, supported the award made, with this cogent reasoning:

"From the pleadings in this case it appears that there is only one question to be decided and that is what amount is necessary to cover the reasonable cost of collection of the school taxes for the Barren County Board of Education for the year 1950. The uncontradicted testimony of the Plaintiff, the Sheriff of Barren County, and the Deputy Sheriffs, Earl Carver and Robert Alexander, was to the effect that more than two-thirds of the time of the Sheriff, these two deputies and a third Deputy was consumed in the collection of all the taxes. The Sheriff also testified that over two-thirds of his expenses in the operation of his office was due to the tax collection duties imposed upon him.

"Although the Sheriff testified that his operating expenses of his office was something in excess of $16,000 for a year period, yet it further appears that there are items in these expenses that could not properly be charged to the costs of tax collection.

"From the evidence and from the copies of settlements made between the Sheriff and the Barren County Board of Educa-

tion it appears that although the Sheriff collected taxes during the entire twelve months period that the major collections were confined to a ten month period.

"The Sheriff and his Deputies testified that it took approximately two-thirds of the time of the Sheriff and three Deputies during this period of time to effect the collection, accounting, and disbursing of the taxes and that in addition it was necessary for the Sheriff to employ an Accountant to make up his final settlement of the taxes at an expense of $500.

"As the records of the Barren Fiscal Court show that the Sheriff's compensation was fixed at $7200 per year, or $600 per month, and it appearing that the salaries of Deputy Sheriffs, Earl Carver and Robert Alexander, were fixed at $250 per month each, and it further appearing that the third Deputy in the office drew a salary of $75 a month, therefore the total monthly salaries of the Sheriff and his three Deputies would be $1175 per month. For the period of 10 months that the Sheriff is actively engaged in the collection of taxes would be $11,750. As the uncontradicted testimony shows that two-thirds of these salaries could be properly charged to the collection of all the taxes, it appears that two-thirds of this amount, or the sum of $7833.33 should be charged as costs of tax collection and the additional sum of $500 paid the Accountant for making tax settlement, making a total cost of $8333.33, which, under the evidence is shown to be the total costs of all tax collections in Barren County for the year 1950.

"According to the evidence the taxes collected for the Barren County Board of Education is 42.59% of the total taxes collected and according to the testimony of the Plaintiff, Edmunds, it appears that this percentage also represents the fair and reasonable percentage of the costs of such tax collection.

"As the total costs of tax collection equals $8333.33 it therefore follows that the School's part of such costs being 42.59% would equal the sum of $3549.16, which would be the School Board's part

of the fair and reasonable cost of such tax collection."

We find the foregoing opinion to be supported by the record and adopt it as part of this opinion.

The judgment is, therefore, affirmed.