## BOARD OF EDUCATION OF LAWRENCE COUNTY v. WORKMAN, Sheriff.

Court of Appeals of Kentucky.

March 27, 1953.

Clyde L. Miller, Louisa, for appellant.

Eldred E. Adams, Louisa; Diederich & Lycan, Ashland, for appellee.

CULLEN, Commissioner.

The Board of Education of Lawrence County appeals from a judgment allowing

the sheriff the full statutory fee of four percent for collection of school taxes. KRS 160.500. The judgment was based on a finding that the reasonable cost of collection exceeded four percent.

In Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672, the rule was laid down that a sheriff's compensation for collecting school taxes can not exceed the reasonable cost of collection. In four later cases this Court was called upon to determine what constituted a reasonable cost of collection under various factual situations. Wells v. Board of Education of Menifee County, Ky.1951, 244 S.W.2d 160; Davie v. Board of Education of Hickman City Schools, Ky.1952, 249 S.W.2d 954; Board of Education of Grant County v. Ballard, Ky.1952, 249 S.W.2d 956; Barren County Board of Education v. Edmunds, Ky.1952, 252 S.W.2d 882. Although recognizing that each case of this type must be decided upon the particular facts involved, the Court in all four cases followed the same general formula in computing the cost of collection.

The general formula was applied by first determining the percentage of their time the sheriff and his deputies devoted to all tax collection work, and taking this percentage of the compensation of the deputies and the sheriff. This gave the amount of compensation for personal services allocable to the cost of collecting all taxes. The ratio of school tax collections to total tax collections was next determined, and this ratio was applied to the amount of compensation for personal services allocated to the cost of collecting all taxes, thus producing the amount allocable to school tax collection. When costs other than compensation for personal services were involved, they were allocated according to the same formula, except where the costs clearly were attributable to a specific activity. In determining what sum should be allowed the sheriff as compensation for his own services, for the purpose of applying the formula, local standards of compensation were given some consideration.

While the formula has not been followed strictly in every case, and is not intended to be applied as an exact mathematical rule,

it has supplied a general guide for decision of the school tax cases. However, as pointed out in Davie v. Board of Education of Hickman City Schools, Ky.1952, 249 S.W.2d 954, the keeping of more adequate and detailed records by the sheriffs might eliminate the necessity of applying any formula.

In the case now before us, the lower court used a formula of its own. The court first computed the annual compensation of all the deputies, and then added an allowance of $6,100 as personal compensation for the sheriff. To this sum was added $329 for miscellaneous office expenses. This gave $14,565.05 as total office expenses. Having determined that the amount of school tax collections represented 64.8 percent of all tax collections, the court allocated 64.8 percent, being $9,438.15, of the total office expenses to school tax collection. From the sum of $9,438.15 the court deducted $1,866.95 paid to the sheriff by the state for law enforcement work, leaving the sum of $7,571.20 as net expenses of school tax collection.

We think it is obvious that simply deducting, from the total expenses of the sheriff's office, the amount of money paid the sheriff by the state for law enforcement work, is not a proper way of determining what expenses are attributable to tax collection work. The amount of money received by the sheriff in the form of compensation has nothing at all to do with a determination of the expenses of the office. The erroneous formula applied by the lower court in this case resulted in charging all of the deputies' time, and more than two-thirds of the sheriff's time, to tax collection work.

From the record, we are unable to ascertain what percentage of the time of the sheriff and of his deputies was devoted to tax collection work, except that it is clear that Mrs. Osborn, an office clerk who was employed for eight months at a salary of $100 per month, devoted all of her time to tax collection work. The sheriff had three full time deputies on salaries, besides Mrs. Osborn, and 10 "precinct" deputies out in the county who were employed on a percentage basis. It appears that the "pre-

cinct" deputies were employed under contracts giving them four percent of the total tax collections in their precincts, regardless of whether they personally collected the taxes or the taxes were paid in the main office.

While the evidence for the sheriff was that the tax collection work required a great deal of time, and travel to the remote sections of the county, there was no attempt to estimate the percentage of time devoted to that work. For some reason, counsel for the sheriff went to great pains to bring out that the law enforcement work required a great deal of time also, and emphasis was placed on the necessity of having deputies present at football and basketball games, pie suppers, church socials, and other public events. Apparently the purpose was to show that deputies were needed in the outlying sections of the county, and that they could be hired only by paying them a percentage of the tax collections. However, we have said again and again that the school fund cannot be compelled to finance law enforcement functions of the sheriff's office.

While the compensation paid to the "precinct" deputies may be reasonable, in terms of money, for the services they performed, the sheriff cannot charge that compensation against tax collections merely because the compensation was to be computed on the basis of a percentage of tax collections. The school fund is chargeable only with the reasonable expenses actually incurred in collecting the school tax. For the purpose of determining the cost of school tax collections we cannot uphold a percentage contract between the sheriff and his deputies. The expense must be determined on the basis of a reasonable compensation for the time devoted by the deputies to the tax collection work.

The action before us is one for a declaratory judgment. We think the proof is not adequate to enable a final and correct decision to be made, and the case should be remanded for the taking of further proof designed to show what portion of the time of the sheriff and his deputies was devoted to tax collection work. Section 639a–6, Civil Code of Practice.

In order that the lower court may be fully advised we will express our views on certain additional questions raised on this appeal.

The lower court found that $6,100 was a reasonable allowance to the sheriff for his personal compensation for the year 1950. There was a stipulation that the county attorney and county clerk of Lawrence County each earned his "Constitutional limit" through salary and fees in 1950. Under KRS 64.670, that sum would be $6,100 for the year 1950. We think that allowing the same amount for the sheriff was proper, as a basis upon which to compute the percentage of the sheriff's compensation chargeable to tax collection.

The school board contends that the sheriff should be allowed little or no compensation for collecting the franchise and oil production taxes, which were paid by large checks at his office with no collection work required. A somewhat similar contention was rejected in Wells v. Board of Education of Menifee County, Ky.1951, 244 S.W.2d 160.

The sheriff claimed an item of expense of $5052.50, representing travel by automobile for 20,210 miles at 25 cents per mile. He testified that all of this travel was in tax collection work. The lower court did not allow it because, under the view taken by the lower court, the sheriff's cost of collecting school taxes exceeded four percent regardless of the automobile item. The testimony was vague as to who did the traveling, and as to payment of deputies for automobile expense. As we construe the testimony of the sheriff, he said that the deputies travelled 10,210 miles in collecting delinquent taxes, and somebody travelled a total of 20,120 miles in collecting all taxes. He said in one place that he reimbursed the deputies for automobile travel, but he did not include any such expense in his itemized list of expenses introduced in evidence, and he admitted that the salaries paid to his two main deputies covered the use of their automobiles. Un-

less, upon the taking of additional proof, there is more satisfactory proof of automobile expense actually paid, this item should again be disallowed. And, of course, if any allowance is made for mileage, the court should determine what is a reasonable allowance per mile.

 The sheriff contends that the only remedy of the school board was by taking exceptions to the sheriff's settlement in the county court, and that the action for a declaratory judgment was not maintainable. This contention has no merit. It is clear from the record that there never was a settlement in the county court for the school taxes, and that by tacit understanding the sheriff had paid over to the school board all tax collections except the amount of his commission which was in dispute.

The judgment is reversed, for proceedings in conformity with this opinion.