### BOARD OF EDUCATION OF MASON COUNTY et al. v. COLLINS.

Court of Appeals of Kentucky.
June 19, 1953.

Houston L. Wood, Maysville, Clay Shackelford, Richmond, for appellants.

D. Bernard Coughlin, Maysville, for appellee.

CULLEN, Commissioner.

The Mason County Board of Education appeals from a judgment which allowed the sheriff of Mason County $3,782.75 as compensation for collecting the county school taxes for the fiscal year 1950–51. The total school taxes collected by the sheriff amounted to $201,210.40, and the compensation allowed by the court is the equivalent of a fee of 1.88 percent.

The board of education maintains that a reasonable fee would not exceed $800. This is on two theories; first, that the city treasurer of Maysville is paid only $600 for collecting $150,000 in city school taxes, which furnishes a standard of compensation for comparable work; and second, that clerks could be employed by the sheriff

to handle the tax collection work at $38.47 per week, and the portion of the total compensation of the necessary number of clerks, allocable to school tax collection, would not exceed $800.

The argument of the board ignores our holding in Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160, that the sheriff's services have a higher value than the sum at which a clerk could be hired. The argument further ignores the holding in the Wells case that the sheriff is entitled to some allowance for "standby" time, and the ruling in Davie v. Board of Education of Hickman City Schools, Ky., 249 S.W.2d 954, that consideration must be given to the necessity of the sheriff's maintaining a staff on a year around basis. The amount suggested by the board as being a reasonable fee is so low as hardly to merit serious consideration.

■ The judgment does not disclose what computation the trial judge employed in reaching the figure of $3,782.75. The evidence was that the sheriff had three full-time deputies, on salaries of $2,000 each per year. He also had two part-time deputies who devoted their time solely to tax collection work, and who were paid a total of $670. The fiscal court had fixed $7,200 as the maximum limit on the sheriff's annual compensation, and in view of the size and wealth of Mason County we think that the amount so fixed constitutes a reasonable valuation of the sheriff's services for a year.

An amount approximating the sum of $3,782.75 allowed by the lower court could have been reached by (1) determining that 90 percent of the time of the sheriff and his regular deputies for a period of seven months was devoted to all tax collection work, and computing the amount of compensation payable to them for that time; (2) adding the amount paid to the part-time deputies; and (3) applying to the total a percentage of 49.6, which was the percentage of all tax collections that the school taxes represented. Although the time allowance used in the above computation is quite liberal, there was evidence to support such an allowance.

■ The sum of $3,782.75 allowed here, for collecting $201,000 in school taxes, is not unreasonable in comparison with the amounts of $4,500 and $3,100, respectively, allowed for collecting $155,000 in taxes in Davie v. Board of Education of Hickman City Schools, Ky., 249 S.W.2d 954, and Board of Education of Grant County v. Ballard, Ky., 249 S.W.2d 956.

Taking into consideration the character and responsibilities of the office, the amount of taxes involved, the local standards of compensation in Mason County, and all the other pertinent factors, we are of the opinion that the amount of compensation allowed by the lower court was proper.

■ The sheriff here, at the time of making his settlement for school taxes in May 1951, withheld $8,048.40, representing a fee of 4 percent of the amount of taxes collected. The board of education contends that the court erred in not charging the sheriff with interest, from May 1951, on the difference between that sum and the amount of compensation allowed by the court. We think this contention has merit. The sheriff at no time has seriously claimed to be entitled to the full amount withheld; in fact, the most he has claimed is $4,900. Under the statute, he was required to pay over to the board the amounts collected by him. KRS 160.510. Since he has wrongfully withheld money properly belonging to the board, we think he should be charged with interest on the amount in excess of the commission allowed him by the court. See Commonwealth for Use and Benefit of McCreary County Board of Education v. Walker, 246 Ky. 679, 55 S.W. 2d 914.

■ The board of education further maintains that all of the costs of the action should have been charged against the sheriff, rather than requiring each party to pay its own costs. However, in view of the fact that the judgment awarded the sheriff compensation very substantially in excess of the amount to which the board sought to limit him, we think that it was proper to divide the costs.

To the extent that the judgment holds the sheriff liable for the principal sum

of $4,265.56, it is affirmed; to the extent that it denies interest on that sum it is reversed, with directions to enter judgment allowing the board interest on that sum, at 6 percent, from May 1951.