**BOARD OF EDUCATION OF CALDWELL COUNTY**

**v.**

**LEWIS.**

**BOARD OF EDUCATION OF CITY OF PRINCETON**

**v.**

**LEWIS.**

Court of Appeals of Kentucky.

June 4, 1954.

Edward H. Johnstone, Princeton, for appellant.

Alvin Lisanby, Princeton, for appellee.

CULLEN, Commissioner.

The sheriff of Caldwell County, being of the opinion that an amount equal to four percent of the school taxes collected by

him for the Board of Education of Caldwell County and for the Board of Education of the City of Princeton represented the reasonable cost of collection, withheld that amount from the tax collections for the year 1950. In actions brought by the boards of education, for a declaration as to what was the reasonable cost of collection, and for recovery of the difference between the reasonable cost and the amount withheld by the sheriff, judgments were entered allowing the sheriff the amount withheld by him. The boards appeal from those judgments.

The school tax collections amounted to $167,838.38, constituting 61.76 percent of the total tax collections from all sources. The sheriff's evidence was that the cost of collecting *all* taxes was $7,439.90. This figure was reached by adding together the following items:

| | |
|---|---|
| Sheriff's own time | $4,000.00 |
| Full-time deputy for 10 months | 2,280.90 |
| Part-time deputies | 540.00 |
| Accountant | 500.00 |
| Advertising | 119.00 |
| | $7,439.90 |

The item for the sheriff's own time was computed by valuing his time at $600 per month, and allotting two-thirds of his time for ten months to tax collection work.

Apportioning 61.76 of the total cost of tax collection work to school tax collections, the cost of collecting the school taxes, according to the sheriff's evidence, was $4,594.89.

■ Notwithstanding that the sheriff's own evidence showed a maximum cost of $4,594.89, the lower court allowed a fee of four percent, or $6,713.53, on the theory that the sheriff was entitled to earn the maximum constitutional compensation of $7,200 a year from some source, and since his income from other sources was utilized in paying the expenses of his office, his compensation should be paid out of the school money. This theory is so completely fallacious as not to warrant serious consideration. A similar theory was rejected in Bd. of Ed. of Lawrence County v. Workman, Ky., 256 S.W.2d 528.

■ The school boards maintain that the sheriff's time should not have been valued at $600 per month. In Bd. of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17, we held that $600 per month was a reasonable valuation of the services of the sheriff of Mason County, and we think that Caldwell County is sufficiently similar in size, wealth and local standards of compensation to justify the same valuation for services of its sheriff. There was evidence that the superintendent of city schools in Princeton receives a salary of $5,250 per annum, which indicates that the local standards of compensation in Caldwell County are not at a low level.

■ The school boards further maintain that the tax collection period did not exceed seven months, and therefore the time allowance for the services of the sheriff and his full-time deputy should not exceed seven months. Under the evidence, and under the rule we have followed in previous cases that some allowance must be made for "standby" time and some consideration must be given to the necessity of the sheriff maintaining a staff on a year around basis, we think that it was proper to base the time allowance on a ten-month period. Wells v. Bd. of Ed. of Menifee County, Ky., 244 S.W.2d 160; Davie v. Bd. of Ed. of Hickman City Schools, Ky., 249 S.W.2d 954; Bd. of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17.

■ It is our opinion that the sum of $4,594.89 should be fixed as the reasonable cost of collecting the school taxes. This represents $2,253.55 for the county school taxes, and $2,341.34 for the city school taxes.

■ In accordance with the principle laid down in Bd. of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17, the sheriff should be charged with interest from the settlement date on the difference between the amount to which he is entitled and the

amount withheld by him, and the costs of the actions should be apportioned.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.