**PULASKI COUNTY BOARD OF**
**EDUCATION**

v.

**JASPER'S ADM'R.**

Court of Appeals of Kentucky.
June 11, 1954.

Fritz Krueger, Somerset, for appellant.

C. Homer Neikirk, Somerset, John Noland, Richmond, for appellee.

CAMMACK, Justice.

This is an appeal from a declaratory judgment proceeding wherein the appellee was allowed $4,693.54 for expenses in the collection of $192,740.68 in school taxes for the fiscal year 1951–52. The Pulaski County Board of Education has appealed on the ground that the allowance is excessive.

This action was filed against J. B. Jasper, then Sheriff of Pulaski County. Shortly after the institution of the action Jasper was killed and Ada Jasper, his wife and administratrix of his estate, was substituted as the defendant in her representative capacity.

The School Board asked the court to allow Jasper one per cent of the total school taxes collected for the expense of their collection. Mrs. Jasper asked for four per cent of the school taxes collected.

Mr. Jasper was Sheriff for the calendar year 1951 and until his death in 1952, and was responsible for the collection of all taxes. He employed as full time deputies Ada Jasper, his wife; Herbert Jasper, his son; and Theo Hatfield, at salaries of $2,600, $2,400, and $2,040 respectively. J. B. Jasper and his deputies collected $424,-925.70 in taxes for the fiscal year 1951–52. The school taxes amounted to $192,740.68. Herbert Jasper testified for the School Board and Ada Jasper and T. H. Dowell, a certified public accountant, testified in support of the Sheriff's claim. There is sharp conflict in their testimony.

The special judge found that the time devoted by the Sheriff and his deputies to the collection of taxes was as follows: Ada Jasper, full time; Herbert Jasper and Theo Hatfield one-half time each; and Sheriff Jasper, whose maximum allowable compensation was $7,200 a year, two-thirds of his time. The judgment discloses that the special judge used the following method of computation in reaching the figure of $4,693.54: He added all of Ada Jasper's salary, one-half of Herbert Jasper's and Theo Hatfield's salaries, and two-thirds of the sheriff's compensation; plus $500 for automobile expenses and $227 for incidental expenses. He found a total expense of $10,347 for the collection of all taxes. The special judge then determined that the school taxes were 45.36 per cent of the total taxes collected and allowed the Sheriff $4,693.54, which is 45.36 per cent of the total of $10,347.

In Board of Education of Mason County v. Collins, Ky., 259 S.W.2d 17, we approved an allowance of $3,782.75 for the collection of school taxes in the amount of $201,210.-40. In Davie, Sheriff, v. Board of Education of Hickman City Schools, Ky., 249 S.W.2d 954, we allowed $4,495 for the collection of school taxes amounting to $155,-000. In Board of Education of Grant County v. Ballard, Sheriff, Ky., 249 S.W.2d 956, we allowed $3100 for the collection of school taxes amounting to $155,000. In Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160, we allowed $1,100 for the collection of school taxes amounting to $39,812. In the consolidated cases of Board of Education of Caldwell County v. Lewis, Sheriff (Board of Education of City of Princeton, v. Lewis, Sheriff) Ky., 269 S.W.2d 193, we allowed $4,-594.89 for the collection of school taxes amounting to $167,838.38. In view of our holdings in these cases we cannot say that the special judge abused his discretion in allowing $4,693.54 for the collection of the Pulaski County school taxes for 1951–52, in the amount of $192,740.68.

Judgment affirmed.