**HAGER v. McCONATHY et al.**

Court of Appeals of Kentucky.

Aug. 9, 1954.

John Y. Brown, Harry B. Miller, Jr., Lexington, for appellant.

George Ross, Richmond, for appellees.

CULLEN, Commissioner.

From the amounts of taxes collected for the Jessamine County School District for the years 1950–51, 1951–52, and 1952–53, Arch Hager, Sheriff of Jessamine County, retained three percent as his fee. The total amounts collected were $184,005.32 for 1950–51, $191,092.37 for 1951–52, and $195,-033.25 for 1952–53, and the fees retained were $5,520.15, $5,733.56 and $5,850.97, respectively. The board of education having adopted a resolution in June 1951 agreeing to allow the sheriff a fee of three percent, was satisfied with the fees retained by the sheriff, but a group of taxpayers were not satisfied and they brought action alleging that the fees retained were in excess of the actual cost of collection. The court fixed $2,500 per year as the actual cost of collection, and entered judgment requiring the sheriff to pay over to the board of education the amounts retained by him for the three years in question, in excess of $2,500 per year. The sheriff has appealed.

The first contention of the sheriff is that the 1951 resolution of the board of education constituted a valid contract under which he was entitled to a fee of three percent. We are not prepared to say that a fee contract entered into between a school board and a sheriff, based upon a full consideration of the cost factors involved in the collection of the school taxes, and designed to reach a fair compromise on items reasonably subject to dispute, may not be upheld. However, the evidence concerning the so-called contract involved in this case indicates that the contract was made without any examination or consideration of the cost factors, and was a compromise only to the extent that some members of the board favored the allowance of the full statutory fee of four percent, while others were insisting that the fee be limited to two percent. It appears that considerations wholly foreign to the matter of actual cost of collection influenced the selection of three percent as the agreed fee.

Clearly, to uphold a contract entered into without consideration of the cost of collection, and calling for a fee substantially in excess of the cost of collection, would result in an unconstitutional diversion of school funds. Dickson v. Jefferson County Bd. of Ed., 311 Ky. 781, 225 S.W.2d 672; Board of Ed. of Madison County v. Wagers, Ky., 239 S.W.2d 48. We cannot uphold the contract here involved.

The sheriff next maintains that the actual costs of collection for the years in question exceeded the amounts retained by him. He estimates that the expense of personnel employed in all tax collection work amounted to $9,075 per year. This figure was reached by allocating to tax collection work all of the time of two part-time deputies, and 75% of the time for nine months of the sheriff and three full-time deputies. To the item of $9,075 the sheriff adds some miscellaneous expenses, reaching a total of between $9,600 and $9,900 as the total cost of collecting all taxes, each year. The school taxes represented between 62% and 63% of all taxes collected, and applying this percentage to the total cost of tax collection work the sheriff comes up with a figure of around $6,100 as the annual cost of collecting school taxes.

The record does not indicate the basis upon which the trial court fixed the expenses at $2,500 per year, but apparently the court followed the taxpayers' argument that the time required for collecting a single tax bill should simply be multiplied by the number of tax bills. This method cannot be upheld, because it makes no allowance for stand-by time and it gives no consideration to the responsibilites imposed upon the sheriff. See Wells v. Board of Ed. of Menifee County, Ky., 244 S.W.2d 160; Board of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17.

It is our opinion that the actual cost of collection was in excess of the amount allowed by the judgment, but at the same time was not as great as the sheriff maintains. We think the formula employed by the sheriff is proper, Board of Ed. of Lawrence County v. Workman, Ky., 256 S.W.2d 528, but some of the items of expense claimed by the sheriff are excessive or not allowable. The evidence warrants a conclusion that the sheriff and his three full-time deputies did not devote more than 50% of their time for a period of nine months to tax collection work. This would reduce the item for personnel expense from $9,075 to approximately $6,500. There is no evidence to support the items of $300 per year for automobile expense and $100 per year for supplies and postage, claimed by the sheriff as miscellaneous expenses attributable to tax collection work. There is nothing to show that automobile expense in this amount was incurred in collecting taxes, and it appears that the county made appropriations for supplies and postage. Omitting these two items of miscellaneous expense, the total expenses for all tax collection work would average $6,750 per year. Considering that the school taxes constituted around 63% of all taxes collected, the expense of school tax collection would be approximately $4,250 per year.

It is our opinion that the sheriff should be allowed $4,250 per year as his fee for the three years in question. The judgment should require him to pay interest, from the respective settlement dates, on amounts withheld by him each year in excess of the above amount. Board of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17; Board of Ed. of Caldwell County v. Lewis, Ky., 269 S.W.2d 193.

During the course of the trial, it developed that by reason of an error in his accounts, the sheriff had failed to pay to the school board $1,113.37 due from tax collections. Notwithstanding a verbal direction by the judge that this sum be paid into court, the sheriff paid it to the school board, and introduced in evidence the check by which the payment was made. The court refused to recognize this payment and entered judgment against the sheriff for the amount involved. Although the sheriff perhaps did not act properly in paying the money directly to the school board, the net result is the same as if the money had been first paid into court and then transmitted to the school board, and we think it was error

to enter judgment against the sheriff for this amount.

■ The sheriff makes some contention that this action by the plaintiff-taxpayers constitutes a collateral attack on the sheriff's settlements, and that the only remedy would have been by taking exceptions to the reports of settlement. There is no merit in that contention. An individual taxpayer has no right to file exceptions to a sheriff's settlement, but may bring an independent action to surcharge a settlement on the ground of fraud or mistake. Little v. Strow, 112 Ky. 527, 66 S.W. 282. Allowance to the sheriff of a higher fee than is authorized by law has been recognized as the type of mistake for which an independent action to surcharge a settlement may be maintained. Alexander v. Owen County, 136 Ky. 420, 124 S.W. 386.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.