W. W. McCLAIN, Sheriff of Spencer County, Kentucky, Appellant,

v.

BOARD OF EDUCATION OF SPENCER COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

cent of the school taxes collected for the fiscal year 1952–1953 as his fee for collecting them and the Board claimed he was entitled to no more than two per cent. The amount sought by the Board is the difference between two per cent and three per cent of the school taxes.

McClain counterclaimed against the Board, contending that the sums of $1,971.46, $1,939.68 and $966.97 were due him as commissions for school taxes collected during the fiscal years 1950–1951, 1951–1952 and 1952–1953. The lower court held that McClain was entitled to recover $242.64 for 1950–1951, $148.02 for 1951–1952 and that for the year 1952–1953 the Board was entitled to $548.91, leaving a balance due the Board of $158.25.

The sheriff is urging on his appeal that (1) the minimum salary base used by the court in computing expenses of his office should have been $5,000 instead of $3,300; (2) the bookkeeper's salary for the years in question should have been allowed in full as a tax expense; and (3) he was entitled to an allowance for automobile expenses incurred in collecting school taxes.

On its cross-appeal the Board is contending that settlement agreements entered into by it with McClain under which he was paid two per cent for collecting school taxes in 1950–1951 and 1951–1952 were valid and binding, and also that the reasonable cost of those taxes did not exceed two per cent for either year. The Board argues also that the actual compensation received by the sheriff should be used in computing expenses of collecting school taxes and not the value of his services.

T. C. Carroll, Shepherdsville, for appellant.

Dailey & Fowler, Frankfort, for appellee.

CAMMACK, Justice.

The Spencer County Board of Education filed this action against W. W. McClain, as Sheriff of Spencer County, seeking a declaration of rights and to recover the sum of $966.57. McClain had retained three per

We have held that the reasonable value of the sheriff's services and not the amount of money received by him in the form of compensation should be used in computing the cost of collecting school taxes. We have said also that in fixing a standard for measuring the value of the services of the sheriff, a number of factors must be taken into consideration. Some of the factors are the responsibilities of the office, the duties imposed upon the sheriff,

and the practical consideration that compensation should be high enough to attract competent men to the office. The amount of compensation must also be controlled to some extent by local conditions and limited in some degree by local standards of compensation. See Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528, and Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160.

■ While there is very little evidence in this case relative to the value of the sheriff's services for a given year, it appears to us from the record that a figure of $5,000 would not be unreasonable. However, it is apparent that McClain did not devote full time to the duties of the sheriff's office. He spent "two or three or four days a week, and sometimes every day in the week," in the sheriff's office. Consequently, McClain is not entitled to claim the entire $5,000 base salary as the reasonable value of his services, and undoubtedly the lower court gave consideration to this fact when the base salary was set at $3,300. We think this amount is reasonable under the facts and circumstances of the case.

■ The court held that the bookkeeper's salary, as claimed by McClain, was reasonable and it is conceded by the Board that it is a reasonable amount. We conclude, therefore, that it should have been allowed in full as a tax expense since she devoted her full time to tax work. But this salary cannot be allowed in full as a *school tax* expense because school taxes for the years in question amounted to only 58 per cent of all taxes. Consequently, only that per cent of the bookkeeper's salary is allocable to school taxes. There is no showing that the lower court failed to do this.

■ McClain claims that he was entitled to $385 for automobile expenses. However, the proof as to actual expenses incurred in traveling is very vague. There is no testimony showing who did the traveling or the number of miles traveled. McClain stated, "This is an estimate as nearly as I could get it." This testimony is insufficient to justify including travel as an item of expense.

■ The Board's argument that valid, binding settlement agreements were entered into for 1950–1951 and 1951–1952 is based upon the fact that McClain was paid two per cent pursuant to agreements for these years. The agreements were evidenced by the following orders entered in the minutes of the Board:

"May 5, 1951

"Motion made by Mr. Day and seconded by Mr. Goodwin to offer settlement for collecting taxes to the sheriff at 2 per cent of total amount collected subject to the final decision of the Court of Appeals. Such offer not binding on either party unless it conforms to the above Court's decision. All present voted 'Yes.' "

"December 3, 1951

"Motion by Mr. Greer and seconded by Mr. Jewell to pay sheriff 2 per cent of collection on taxes subject to final disposition of the Court of Appeals. All present voted 'Yes.' "

It is apparent from the way these orders were drawn that they were not regarded by either party as binding settlement agreements, but were contingent upon some action by this Court.

■ Finally, the contention of the Board that the cost of collecting the taxes amounted to no more than two per cent is also without merit in view of our decision that the sum of $3,300 was properly used as a base salary for the sheriff in computing the cost of collecting school taxes.

CR 52.01 requires that in all actions tried upon the facts without a jury, findings of fact shall not be set aside unless clearly erroneous. We find no error in the findings of fact in this case.

Judgment affirmed on the appeal and on the cross-appeal.