George FELTY et al., Appellants,

v.

Vee GAY, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1955.

J. Milton Luker, London, for appellants.

Patterson & Wilson, Pineville, Lyttle & White, Manchester, E. B. Rose, Beattyville, for appellees.

CULLEN, Commissioner.

This case is concerned with the amount of fees allowable to the sheriff of Jackson County for collecting school taxes during the fiscal years 1950–51, 1951–52, 1952–53 and 1953–54, for the Jackson County Board of Education. The board allowed to the sheriff a fee of four percent for each year. A group of taxpayers brought action to recover a portion of the amounts allowed, on the basis that they exceeded the reasonable cost of collection. The court upheld the allowances for the first three years, but adjudged recovery of $333.46, with interest, out of the amount allowed for the year 1953–54. The taxpayers have appealed.

In the action below the Board of Education, which had been made a party defendant, counterclaimed against one of the taxpayer plaintiffs, who was a former sheriff, for $124.18 which the board alleged he had collected as taxes during his term as sheriff and failed to pay over to the board. The court denied recovery on the counterclaim on the basis that there was insufficient evidence to establish liability. The board cross-appeals from so much of the judgment as denied recovery on the counterclaim.

The school tax collections for 1950–51, 1951–52 and 1952–53 averaged around $55,000 per year. For 1953–54 the collections were around $49,000. Accordingly, the four percent fee allowed the sheriff by the board of education amounted to approximately $2,200 per year for the first three years and $1,976 for the fourth year.

In determining the cost of collection, the lower court first fixed the sum of $5,400 per year as a reasonable compensation of the sheriff for all services. The court next concluded that in the years 1950–51, 1951–52 and 1952–53 the sheriff devoted 65 percent of his time to all tax collection work. This resulted in an evaluation of $3,510 per year on the services of the sheriff in all tax collection work. It was undisputed

that the school taxes constituted 60 percent in amount of all taxes collected, so the court applied this percentage in determining the value of the services of the sheriff attributable to school tax collections, resulting in the figure of $2,106. Other expenses about which there could be no dispute were sufficient to bring the cost of collection over $2,200 for each of the years 1950–51, 1951–52 and 1952–53.

For the year 1953–54, the court determined that the sheriff devoted 85 percent of his time, for four months only, to all tax collection work. The computation of time for this year differed from that for the other three years because the sheriff's term ended in December 1953, and thus he did not serve out the normal collection period which ordinarily would run into May or June of the following year. However, the four fall months of 1953 represented the heaviest tax collection period, which is the reason why the court allowed 85 percent of the sheriff's time for these four months. Using the 60–40 apportionment between school taxes and other taxes, the court reached a figure of $918 as the value of the sheriff's own time devoted to school tax collections in 1953–54. To this the court added various sums for deputy hire and office expenses, making a total of $1,642.92. Since this was less than the amount the school board had allowed the sheriff, the court adjudged that the sheriff repay the difference ($333.46).

It appears to us that as concerns the years 1950–51, 1951–52 and 1952–53, the controlling question is the evaluation of the sheriff's own services. If the evaluation made by the lower court was proper, there is no need to consider any question of deputy hire, because the value placed on the sheriff's services substantially equalled the four percent fee allowed him by the school board.

We think it was proper to fix the sum of $5,400 as a reasonable compensation of the sheriff for all services. It is true that in Wells v. Board of Ed. of Menifee County, Ky., 244 S.W.2d 160, a valuation of only $3,000 per year was placed on

the sheriff's services. However, Menifee is a county with extremely low revenues, and it was established by the evidence that local standards of compensation were low. Here, there was evidence of substantial salaries being paid in Jackson County to persons holding positions of comparable responsibility. In none of the other sheriff's fee cases that have reached this Court has a valuation lower than $6,100 per annum been placed on the sheriff's office, and in most of the cases the valuation was $7,200. See Barren County Bd. of Ed. v. Edmunds, Ky., 252 S.W.2d 882; Board of Ed. of Lawrence County v. Workman, Ky., 256 S.W.2d 528; Board of Ed. of Mason County v. Collins, Ky., 259 S.W.2d 17; Board of Ed. of Caldwell County v. Lewis, Ky., 269 S.W.2d 193; Pulaski County Bd. of Ed. v. Jasper's Adm'r, Ky., 269 S.W.2d 246; Board of Ed. of Paintsville Independent School District v. Trimble, Ky., 269 S.W.2d 723.

■ There was conflicting evidence as to the percentage of time devoted by the sheriff to all tax collection work. Under the evidence, we cannot say that the lower court erred in fixing the percentage at 65.

It is our opinion that the judgment was proper as concerns the years 1950–51, 1951–52 and 1952–53.

What we have said above, with respect to valuing the sheriff's own time, applies equally to the year 1953–54. The base value of $5,400 per year was proper, and under the evidence the court was justified in allotting, to tax collection work, 85 percent of the sheriff's time for four months. However, the allowance for the sheriff's own time, for 1953–54, was substantially less than the fee retained by him, so it is necessary to consider the propriety of allowances for deputy hire. The appellants contend that the court erred in allowing, as expenses, an amount considered by the court to be the reasonable value of deputy services performed by the sheriff's wife, mother-in-law, and brother. These three relatives had worked in the sheriff's office, during tax collection periods, without any definite schedule and with no fixed compensation. The sheriff had no regular deputies, and the relatives helped out as needed. The sheriff did not pay them any compensation as such, but occasionally gave them varying amounts of money. He also paid some bills for the mother-in-law, and furnished board and lodging for his brother.

■ The lower court found that the mother-in-law had worked three and one-half months, and that her services were worth $200 per month. He found that the wife and brother had worked 12 days and 15 days, respectively, and that the services of each were worth $8.00 per day. We think the evidence warranted the findings as to the time worked. Also, we think it was proper to allow the reasonable value of their services as a proper expense of tax collection, even though the sheriff did not actually pay them so much in money. The school board received the benefit of their services, and had they not been employed the sheriff would have been required to devote a greater percentage of his time to the tax work, for which he would have been entitled to be compensated.

It is our opinion that the judgment was proper with respect to the year 1953–54.

■ There remains the question raised on the cross-appeal, concerning the disallowance of the school board's counterclaim against one of the plaintiffs. We have examined the record and considered the arguments on this question and we find no adequate basis for disturbing the action of the court in dismissing the counterclaim. Actually, in view of the fact that the school board was merely a nominal party, and the plaintiffs were suing in a representative capacity, the counterclaim by the board against one of the plaintiffs in his individual capacity was not properly assertable, and had proper objection been made the court would have been required to dismiss the counterclaim on that ground.

The judgment is affirmed on the direct appeal and on the cross-appeal.