**BOARD OF EDUCATION OF CARTER COUNTY, Appellant,**

v.

**Chester GREENHILL et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1956.

H. R. Wilhoit, Grayson, for appellant.

R. C. Littleton, Grayson, John C. Lovett, Lovett & Lovett, Benton, for appellee.

CAMMACK, Judge.

The Board of Education of Carter County, the appellant, instituted this action to recover $7,331.05 from Chester Greenhill, sheriff of Carter County, alleging that he had withheld commissions, excessive in that amount, for the collection of school taxes for the years 1954 and 1955. The sheriff withheld a commission of 4 per cent of all school taxes collected. He arrived at that percentage by applying the provisions of the 1954 amendments to KRS 134.310. The trial court entered judgment for $2,621.45 in favor of the Board, finding that the reasonable cost of collecting school taxes in Carter County was 2.78 per cent. On this appeal the Board seeks to recover some $5,000; this figure being the difference between the court's judgment and the alleged reasonable cost of collection, which the Board contends is no more than 1 per cent. The Kentucky Sheriffs' Association intervened in the action, and, along with Greenhill, has cross-appealed from the judgment below.

In 1954, the Legislature added to KRS 134.310 the following provisions:

"(5) In counties containing a population of less than seventy-five thousand, the sheriff shall file annually with his final settlement:

"(a) A complete statement of all funds received by his office for official services, showing separately the total income received by his office for services rendered, exclusive of his commissions for collecting taxes, and the total funds received as commissions

for collecting state, county and school taxes; and

"(b) A complete statement of all expenditures of his office, including his salary, compensation of deputies and assistants, and reasonable expenses.

"(6) There shall be deducted from the total of such expenses the total funds received by the sheriff's office, exclusive of commissions for collecting taxes. From the balance, if any, of such expenses, shall be deducted the commissions allowed for collecting state and county taxes as prescribed by subsections (1) and (2) of KRS 134.290. The balance, if any, of the expenses shall be paid to the sheriff from the commissions allowed to him for the collection of school taxes, but in no event shall the amount of such commissions exceed four percent of the total amount of school taxes collected by him. The amount paid the sheriff for collecting school taxes shall be prorated among the school districts in the county in the proportion that the amount of school taxes collected from each district bears to the total school taxes collected. (1954, c. 179, § 2; effective March 13, 1954)"

The trial judge declared that KRS 134.-310, as amended, was constitutional. He interpreted the statute so as to permit the payment of general expenses of the sheriff's office from the commissions allowed to the sheriff by law. He declared, however, that the Act does not permit the sheriff to defray his general office expenses against school taxes, up to 4 per cent, without regard to the reasonable cost of their collection.

As interpreted by the trial court, the 1954 amendment accomplished nothing, since, prior to the enactment of that legislation, this Court had consistently held that sheriffs were entitled to withhold from school taxes the reasonable cost of their collection, not to exceed 4 per cent. See Felty v. Gay, Ky., 284 S.W.2d 81; McClain v. Board of Education of Spencer County, Ky., 275 S.W.2d 795; Board of

Education of Madison County v. Wagers, Ky., 239 S.W.2d 48; Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672. The opinions following the Dickson Case established certain standards to be applied in each case in determining the reasonableness of the fee withheld. See McClain v. Board of Education of Spencer County, Ky., 275 S.W.2d 795.

The 1954 Act contained a recital that "conflict and confusion now exists in many counties of the Commonwealth as to the manner of determining reasonable compensation of the sheriff for collecting school taxes; and * * * it is necessary to have a fair, reasonable and certain method for determining the compensation which the sheriff shall receive for collecting school taxes * * *." Hence, it is clear that the Legislature intended to provide a new formula for determining reasonable fees, and did not intend to codify the theretofore existing standards developed by this Court.

Subsection (6) of KRS 134.310, as amended, provides that the balance of the sheriff's office expenses, after deducting funds received by the office (exclusive of tax collection commissions) and the commissions allowed for collecting state and county taxes, "shall be paid to the sheriff from the commissions allowed to him for the collection of school taxes," but not to exceed 4 per cent of the total school taxes collected by him. It is clear that the statute permits general expenses of the sheriff's office to be paid from the school taxes collected, up to 4 per cent, even though they are not a part of the reasonable cost of collecting school taxes. The effect of the statute, as amended, is to permit the diversion of school taxes for non-school purposes. It is therefore unconstitutional as a violation of Sections 180 and 184 of the Kentucky Constitution. We have held consistently that, under those sections, a sheriff can not withhold school funds in excess of the reasonable cost of collecting school taxes. Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672; Board of Education

of Madison County v. Wagers, Ky., 239 S.W.2d 48; Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528.

The trial judge heard proof on the reasonable cost of collecting school taxes in Carter County, and concluded that the sheriff was entitled to 2.78 per cent of the total school taxes he collected. The Board contends that the evidence will not sustain a finding of more than 1 per cent. Hence, it is necessary to review the evidence in this respect, keeping in mind that under CR 52.01, findings of fact will be set aside only when clearly erroneous.

The trial judge, in determining the reasonable cost of collecting taxes, evaluated the services of the sheriff and his deputies, allocated a portion of these services to the collection of taxes and added travel and miscellaneous expenses incurred in tax collection. School taxes were found to be 67.4 per cent of all taxes. The expense of collecting all taxes was then multiplied by this percentage to determine the reasonable cost of collecting school taxes. This method of computation, while certainly not the only possible one, has been approved by this Court in many instances. Felty v. Gay, Ky., 284 S.W.2d 81; Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528; Wells v. Board of Education of Menifee County, Ky., 244 S.W.2d 160.

The sheriff's compensation was figured at $7,200. This allowance can not be said to be erroneous. While the sheriff is not entitled to $7,200 merely because that amount is the constitutional limit for his office, there is evidence that at least one other public servant in the county receives commensurate compensation. In addition, it is proper to consider the integrity, judgment and responsibility required of one holding the office of sheriff. See Barren County Board of Education v. Edmunds, Ky., 252 S.W.2d 882; Board of Education of Mason County v. Collins, Ky., 259 S.W.2d 17; Board of Education of Caldwell County v. Lewis, Ky., 269 S.W.2d 193;

Pulaski County Board of Education v. Jasper's Adm'r, Ky., 269 S.W.2d 246.

The sheriff estimated that he and his deputies traveled some 70,000 miles in performing the duties of his office. It was shown that 3,334 gallons of gas were purchased from a certain gas station. It was figured that the sheriff's automobiles averaged 17 miles per gallon. There were included also some 13,000 miles, for which, the gas was purchased at other places, and "especially on long trips." The sheriff estimated that 21,420 miles were traveled in patrolling the highways and 27,780 miles were traveled on official duties other than collecting taxes. The remaining mileage was estimated to have been traveled in connection with tax collection work. It was not shown that any taxes were collected as a direct result of any car trips. The trial judge allowed 21,000 miles at 7 cents per mile, or $1,470. We find no satisfactory proof showing that this amount of traveling was done in tax collection work. Therefore, this particular expense can not be allowed. Board of Education of Lawrence County v. Workman, Ky., 256 S.W.2d 528; Board of Education of Paintsville Independent School District v. Trimble, Ky., 269 S.W.2d 723; Hager v. McConathy, Ky., 269 S.W.2d 725. There is a showing, however, that some traveling was done in collecting taxes and the Board concedes that this could have amounted to as much as 500 miles. We fix the expense of travel at $35 instead of $1,470. By applying the 67.4 per cent ratio to $1,435.00, it is found that $967.19 was allowed erroneously. The Board is entitled to recover this amount in addition to the amount awarded by the trial judge.

There was evidence to support the miscellaneous expenses allowed by the trial judge.

For the reasons given the judgment is reversed, with directions to enter one in accordance with this opinion, which shall allow the Board a recovery of $3,588.64. On the cross-appeal the judgment is affirmed.