**GRANT COUNTY BOARD OF EDUCA-TION of Grant County, Kentucky, Appellant,**

**v.**

**Julian A. FOREE, Sheriff of Grant County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

William F. Threlkeld, Williamstown, for appellant.

L. M. Ackman, Williamstown, for appellee.

CULLEN, Commissioner.

In a declaratory judgment proceeding between the sheriff of Grant County and the Grant County Board of Education, it was adjudged that the sheriff was entitled to a fee of $5,055.38 for collecting county school taxes for the year 1954. The Board of Education has appealed, maintaining that the amount allowed exceeds the reasonable cost of collection.

The total school tax collections were $168,512.73, and the fee allowed to the sheriff by the judgment is three percent of that amount.

The main points in controversy are the value to be placed on the sheriff's own services, the amount properly allowable for deputies' services, the percentage of time devoted to tax collection work, and the amount allowable for automobile mileage.

We think it was proper to value the sheriff's own services on the basis of a rate of $7,200 per annum. We have approved such a valuation for Carter, Pulaski, Caldwell and Mason Counties. See Board of Education of Carter County v. Greenhill, Ky., 291 S.W.2d 36; Pulaski County Board of Education v. Jasper's Adm'r, Ky., 269 S.W.2d 246; Board of Education of Caldwell County v. Lewis, Ky., 269 S.W.2d 193; Board of Education of Mason County v. Collins, Ky., 259 S.W.2d 17.

Since the practical net compensation of the sheriff's first deputy was $3,180 per annum, the deputy's services should have been valued at this rate, rather than at his gross salary of $3,600.

There was testimony, mainly in the form of estimates, that the sheriff and his first deputy devoted eighty percent of their time, for ten months, to tax collection work. This would be the equivalent of two-thirds of their time for the entire year. This estimate is strongly protested by the Board of Education, because of fairly conclusive evidence that all of the tax collection work was completed within a period of only eight months. However, we have held that some allowance must be made for "standby" time and some consideration must be given to the necessity of the sheriff maintaining a staff on a year around basis. Board of Education of Caldwell County v. Lewis, Ky., 269 S.W.2d 193, and cases therein cited. We think there was a sufficient basis for allocating two-thirds of the time of the sheriff and his first deputy to tax collection work.

The evidence was that the sheriff's bookkeeper, who was paid $2,400 per annum, devoted her entire time to tax collection duties. The Board of Education contends that the rate of pay was excessive. However, there was acceptable evidence that the compensation was reasonable for this position.

On the basis of the foregoing determinations, the value of the services of the sheriff and his first deputy, attributable to *all* tax collection work, was $6,980, and the value of the services of the bookkeeper was $2,400, making a total of $9,380. The county school taxes constituted 55 percent of all taxes, which would result in $5,159 of the collection cost being allocable to school taxes. Thus, even ignoring the controversial automobile mileage item, there is justification for the allowance of $5,055.38 made by the trial court.

Actually, although the trial judge made findings of fact on the items above mentioned, he did not base his allowance on those findings, but upon the theory that subsection (6) of KRS 134.310 was valid, and under that subsection the sheriff would have been entitled to a larger fee, but having asked only for a three percent fee in his pleadings, he was limited to that amount.

Subsequent to the time the judgment was entered in this case, this Court handed down its opinion in Board of Education of Carter County v. Greenhill, Ky., 291 S.W.2d 36, holding unconstitutional subsection (6) of KRS 134.310. Accordingly, the judgment in the instant case is erroneous

in holding the statute valid. However, this does not require the allowance of the fee to be set aside, because adequate other grounds exist for sustaining the allowance.

█ While we find the fee allowed to be proper, an error occurred in the refusal of the court to charge the sheriff with interest on the amount withheld by him in excess of the allowed fee. The sheriff retained four percent of the amount collected. At the regular settlement time, in April 1955, he offered to pay to the board the excess over three percent, if the board would settle for that amount. The board declined this conditional offer. The sheriff had no right to retain the excess amount, and under the ruling in Board of Education of Mason County v. Collins, Ky., 259 S.W.2d 17, he should have been charged with interest, from April 1955.

To the extent that the judgment fixes the amount of the fee allowable to the sheriff it is affirmed; in all other respects it is reversed, with directions to enter judgment in accordance with this opinion.