**GRAYSON COUNTY BOARD OF EDU-
CATION, Appellant,**

**v.**

**Ralph R. BOONE, Appellee.**

Court of Appeals of Kentucky.

March 27, 1970.

John A. Fulton, Woodward, Hobson & Fulton, Louisville, for appellant.

Richard E. Moorman, Thomas H. Cubbage, Cubbage & Cubbage, Leitchfield, for appellee.

STEINFELD, Judge.

Appellant, Grayson County Board of Education, sued to surcharge the settlements made by the former Sheriff, Ralph R. Boone, for the years 1958 through 1961. The Board has the duty of controlling and managing school funds. KRS 160.290. Appellee had the duty of collecting school taxes. KRS 160.500. The other duties of his office were multitudinous.

KRS 160.500 authorizes the sheriff to charge a fee of 4% of the school taxes collected. However, if the charge, including his compensation, exceeds reasonable costs of collecting, he is limited to a lesser charge. See Board of Education of Carter County v. Greenhill, Ky., 291 S.W.2d 36 (1956) and Trimble v. Board of Education of Paintsville Independent School District, Ky., 385 S.W.2d 216 (1964). School funds may not be diverted from school purposes. Kentucky Constitution §§ 180 and 184. Board of Education of Lawrence County v. Workman, Ky., 281 S.W.2d 3 (1955).

The annual settlements made by Sheriff Boone were advertised (KRS 424.220) and confirmed by the fiscal court. KRS 64.350 (1). No exceptions were filed to these reports and no appeal[1] was taken from the order of approval. Appellant contends that the judgment of the lower court that approved the amounts retained by the sheriff was erroneous because the evidence showed the charge was excessive, resulting in a diversion of school funds. We do not find it so, therefore, we affirm.

In the trial court the Board argued that " * * * it could not accept as accurate the percentage of time allegedly spent by various members of the sheriff's office in the collection of taxes. Thus the principal issue which this court must determine is, what was the reasonable percentage of time spent collecting all taxes during the years in question?" There were neither findings of fact nor conclusions of law announced below. CR 52.01.

█ Contending that the evidence fails to support the judgment the Board requests that we " * * * should not vacate the judgment or return it to the Trial Court, but should decide de novo, based upon the record here, what is fair, reasonable and proper fee for the services of the defendant Sheriff. " To support this request it cites Dollar v. Land, 87 U.S.App.D.C. 214, 184 F.2d 245, cert. den. 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 741, rehearing den. 340 U.S. 948, 71 S.Ct. 530, 95 L.Ed. 684, cert. den. 340 U.S. 948, 71 S.Ct. 533, 95 L.Ed. 684, Fleming v. Rife, Ky., 328 S.W.2d 151 (1950), and 7 Kentucky Practice, Clay 104. We decline to serve as a trial court and will decide only whether the trial court erred.

Boone testified about his employees, their salaries and the time he and they spent in collecting taxes. Deputy Sheriffs Hay-

craft and Smith and other employees also testified. The evidence showed modest salaries were paid and revealed no unusual expenditures. Additionally, W. Bailey Layman, an experienced independent accountant, who had obtained much information regarding the operation of the sheriff's office that he used in preparing various tax returns for Boone, correlated figures. He explained that he, Layman, had taken a very conservative approach and that he had found all costs quite reasonable. He concluded that it cost the sheriff's office more than 4% of the school taxes received to collect the tax. He admitted that he had relied partly on information supplied to him and partly on the information he had obtained in order to prepare Boone's income tax returns. Layman deposed:

"A. What I did in '59, '60 and actually in '58. We went over his account where he collected taxes and re-figured or figured along with his Deputies then the amount of taxes, the percentage that he used, the amount of taxes, commissions that he was to retain, and from the figure that we secured there, we used those figures then to make his income tax return. I was primarily engaged to make out his income tax returns and in order to do that, I had to know how much commissions he received from various sources and in order to verify it, I did go over with his clerks, or deputies down there and we went over these figures, of course they were already calculated. I checked the calculations. And that is you might say the extent of it as far as the Settlement is concerned that I did.

Q. 44. Did this checking and work that you did require you to examine the books for items of expense?

A. Oh yes.

---

1. The right of the Board to bring an independent action rather than appeal from the order of the fiscal court was not raised. See discussion in Hager v. McConathy, Ky., 269 S.W.2d 725 (1954).

The suit was filed February 6, 1963. Proof was taken by depositions (on which the case was submitted) on September 23, 1964, March 13, 1965 and August 28, 1965.

Q. 45. Office expense?

A. Yes."

The evidence here is quite different from that in Larue County Board of Education v. Scott, Ky., 296 S.W.2d 682 (1956), relied on by the Board, therefore, we consider it not to be controlling.

Appellant contends that the testimony indicated that other duties consumed so much time of the sheriff and his deputies that the estimates relating to time spent collecting school taxes were necessarily erroneous. No means of cost accounting is provided for the sheriff, therefore, exactness in allocating the expenses of the operation of his office cannot be achieved. Grant County Board of Education v. Foree, Ky., 303 S.W.2d 291 (1957), noted that the operation of the sheriff's office requires "standby employees" and the maintenance of an adequate staff on a year-round basis.

Sheriff Boone received net income for his services as sheriff as follows: 1958—$3,664.74; 1959—$6,118.68; 1960—$5,270.27 and 1961—$4,440.24. No one does or could successfully contend that Sheriff Boone received excessive compensation. A public official is entitled to reasonable compensation. Wells v. Roberts, Ky., 448 S.W.2d 658 (1969). No duty of the sheriff imposes a greater responsibility than handling tax funds. He collected school taxes in the amount of $117,608.39 for 1958; $167,569.70 for 1959; $170,427.50 for 1960 and $159,682.38 for 1961. It would serve no useful purpose to report other figures revealed by the depositions, reports and pleadings.

The judgment entered by the trial court was supported by evidence of probative value. Barren County Board of Education v. Edmunds, Ky., 252 S.W.2d 882 (1952). It is affirmed.

All concur.